Argued June 1, appeal dismissed June 17, 1964

## DUNN ET AL *v.* GRAY
### 392 P. 2d 1018

*Richard F. May,* Woodburn, argued the cause for appellants. With him on the briefs were Eichsteadt, Gutzler, May & Bolland, Woodburn.

*William J. Juza,* Assistant City Attorney, Salem, argued the cause for respondent. With him on the brief was Chris J. Kowitz, City Attorney, Salem.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

SLOAN, J.

Plaintiffs filed with defendant, the City Treasurer of Salem, an application for a license to collect garbage within the city. The application was refused. For several years the city governing body had adopted the policy of granting a monopoly for that purpose within the city. Plaintiffs then brought this mandamus proceeding to compel the city to issue a license. The trial court refused the writ and plaintiffs appeal.

The case was submitted to the court upon stipulated facts. These facts disclosed that the ordinance previously adopted by the city had granted the exclusive franchise to collect garbage to the Sanitary Service Company, Inc., for a period of 10 years. A general provision in the city charter provided that the city could not enter into a contract for a period of longer duration than 5 years. The trial court thereupon concluded that the ordinance extending the franchise for more than 5 years was invalid as a violation of the charter. The court then entered an "interlocutory" order which allowed the city a period of 60 days in which to correct the ordinance. The city did so and the court then entered an order denying a preemptory writ.

A city has the unquestioned power to grant an exclusive license or franchise for the purpose of collecting and disposing of garbage. *Spencer et al v. City*

*of Medford et al,* 1929, 129 Or 333, 276 P 1114, 7 Mc-Quillin, Municipal Corporations (3rd ed 1949) § 24.251. For a more recent review of the authorities see *Strub v. Village of Deerfield,* 1960, 19 Ill2d 401, 167 NE2d 178.

Plaintiffs advance various arguments in attempt to distinguish the instant case from the authorities cited. The arguments are without merit.

The only question in the case at all is the right of the court to postpone final decision to give the city an opportunity to change the ordinance. Plaintiffs claim that the ordinance granting the exclusive franchise for more than 5 years was void and that they were, therefore, at that time entitled to a license. We make no attempt to determine if the ordinance was, in fact, a violation of the charter.

■■ Even if the trial judge had been in error when he entered the interlocutory order, it would be of no benefit to plaintiffs now. This court has held that if the circumstances change, or if the respondent performs the required duty, between the time of decision in the trial court and hearing on appeal then this court will decline to proceed further. *State ex rel v. Webster,* 1911, 58 Or 376, 114 P 932, *Dryden v. Daly,* 1918, 89 Or 218, 225, 173 P 667, *Greyhound Park v. Ore. Racing Com.,* 1958, 215 Or 76, 332 P2d 634. Whether or not plaintiffs were entitled to a writ in the first instance is now irrelevant. It is immaterial that the ordinance may have been changed because of the delay granted by the trial court or if it had been done pending appeal. The ordinance is now, without question, a valid exercise of the city's power. There exists no possible basis for a court to compel the city to do otherwise.

The appeal is dismissed.