Argued October 3, affirmed November 13, 1973

# CITY OF TIGARD, *Respondent, v.* HARRY HENRY WERNER, *Appellant.*

515 P2d 934

336

*Darrell E. Bewley,* Portland, argued the cause for appellant. With him on the brief were Francis F. Yunker, Portland, and J. B. Smith and McCaffrey, Smith & Furrer, Aloha.

*Derryck H. Dittman,* City Attorney, Tigard, argued the cause for respondent. With him on the brief were Anderson & Dittman, Tigard.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

FORT, J.

The defendant was convicted in Tigard municipal court of "unlawfully collecting and hauling garbage and waste materials of another person" in "violation of Sections 13 and 24[①] of Ord. #71-21." The defendant

---

① Ordinance 71-21, § 13 provides:

"Nothing in this ordinance is to be construed to prevent any resident or householder of the City from hauling his own waste materials and disposing of same at a disposal site as defined herein, provided, however, that no resident, householder or any other person shall haul said waste materials for another person. Any such person hauling said waste materials over the streets and roadways of the City shall be required to convey

then appealed to Washington County Circuit Court where he was again convicted. The defendant's assignments of error attack the constitutionality of Ordinance No. 71-21.

In *Schmidt v. Masters,* 7 Or App 421, 429, 433, 490 P2d 1029 (1971), Sup Ct *review denied* (1972), this court upheld a Washington County ordinance regulating the collection and disposal of waste including the granting of a franchise therefor against a number of constitutional challenges. The purpose of that ordinance was identical to the one at bar, and its provisions were strikingly similar in many particulars to the Tigard city ordinance here challenged. We said:

"* * * We conclude the guidelines of the ordinance in the case at bar are reasonable and meet all constitutional challenges against them." 7 Or App at 433.

■ The city has "unquestioned power to grant an exclusive license or franchise for the purpose of collecting and disposing of garbage." *Dunn v. Gray,* 238 Or 71, 392 P2d 1018 (1964); *Spencer v. City of Med-*

---

same in a covered or tightly closed container or vehicle, to prevent the scattering of same upon the streets of the City, and in the event that wet waste materials or liquids are hauled, in such containers and in such manner as will prevent them from spilling, leaking, or dripping upon the streets of the City. No person shall permit refuse to be scattered upon the streets of the City."

Ordinance 71-21, § 24 provides:

"Any person collecting, hauling, storing, transporting or disposing of waste materials in violation of the terms of this Ordinance, upon conviction thereof, shall be fined by a fine of not less than $100. nor more than $500. or by imprisonment for not more than thirty (30) days or by both such fine and imprisonment. Every day such violation is committed or permitted to continue shall constitute a separate offense and shall be punishable as such hereunder."

*ford,* 129 Or 333, 276 P 1114 (1929); *Schmidt v. Masters,* supra at 429.

The evidence presented in circuit court was confined solely to copies of the relevant city ordinances. No witnesses were called. The only record sent here from below was a short memorandum entitled "Transcript of Municipal Court of Tigard." It contained no evidence and simply recited the trial and conviction on the charges in municipal court.

The parties did stipulate that Officer Cardwell observed defendant picking up garbage and refuse from a homeowner in the City of Tigard and loading it into his truck. The applicable ordinance provided that only one person was authorized to pick up garbage in the area where defendant was cited and that was the holder of the exclusive franchise.

Defendant here argues that the ordinance is unconstitutional because:

> "It was vague and overbroad in that it apparently made unlawful a number of acts which normally are considered lawful and innocent by members of the community and prohibited more than was necessary to accomplish the governmental purpose thus infringing on the basic rights of the citizens."

In *State v. Schulman,* 6 Or App 81, 84, 485 P2d 1252, Sup Ct *review denied* (1971), we stated

> " '* * * [O]ne to whom application of a statute is constitutional will not be heard to attack the statute on the ground that impliedly it might also be taken as applying to other persons or other situations in which its application might be unconstitutional * * *.' *United States v. Raines,* 362 US 17, 21, 80 S Ct 519, 4 L Ed 2d 524, 529 (1960)."

■ Here the stipulated facts raise no issue concerning "vagueness" or "overbreadth" of the ordinance as applied to defendant. Thus we do not consider it.

■■ Defendant next asserts the ordinance was "unconstitutional as applied to defendant in that it operated to deprive him of property without due process of law and it interfered with legitimate contracts between defendant and others."

Since there was no evidence demonstrating that the defendant had any contractual rights to collect garbage existing in the franchised area prior to the adoption of the ordinance, we do not examine his claim of invalidity based thereon. *Greenberg v. Lee,* 196 Or 157, 248 P2d 324 (1952). There is no merit on this record to his claim that he was deprived "of property without due process of law."

Affirmed.