# PROFESSIONAL BUSINESS SERVICES, INC., *Appellant,*

*v.*

# GUSTAFSON, *Respondent*

(TC A76-06-08947, SC 25502)

590 P2d 729

William C. Martin, Portland, argued the cause for appellant. With him on the briefs were James C. Waggoner and David P. Templeton; Martin, Bischoff, Templeton, Biggs & Ericsson.

Richard L. Amato, Portland, argued the cause for respondent. With him on the brief was Jack Stuart Bernstein, Gladstone.

LINDE, J.

## LINDE, J.

Plaintiff employed defendant in plaintiff's business of providing management, secretarial, and other business services to clinics, doctors, and others engaged in the field of medical services in Oregon and Washington. As part of the contract of employment, defendant agreed that for three years after leaving plaintiff's employment he would not

> engage in or accept employment from or become affiliated with or connected with, directly or indirectly, or become interested, directly or indirectly, in any way in any business that does business within the states of Oregon and Washington similar to or of a like nature to the business carried on by Employer.[1]

In November, 1975, defendant left plaintiff's employment in order to become a full-time employee of Hudson's Bay Medical Group, Inc., P.S., in Vancouver, Washington,[2] one of plaintiff's customers to whom defendant had been assigned since 1972.

---

[1] The full clause read as follows:

10. *Competition by Employe.* Upon the termination of Employe's employment for any reason whatsoever, Employe covenants that he will not for a period of three years from the date of such termination (or if any shorter period be provided by law, then for that period) engage in or accept employment from or become affiliated with or connected with, directly or indirectly, or become interested, directly or indirectly, in any way in any business that does business within the states of Oregon and Washington similar to or of a like nature to the business carried on by Employer. The parties hereto recognizing that irreparable injury will result to Employer, its business, and property in the event of a breach of the covenant herein made by Employe and that this employment is based primarily upon the covenants and assurances herein made and evidenced, it is agreed that in such event Employer shall be entitled to, in addition to any other remedies and damages available, an injunction to restrain the violation thereof by Employe, his partners, agents, servants, employers and employes, and all persons acting for or with him. Employe represents and admits that in the event of termination of his employment for any cause whatsoever, his experiences and capabilities are such that he can obtain employment in business engaged in other lines and/or of a different nature and that the enforcement of a remedy by way of injunction will not prevent him from earning a livelihood.

[2] No question has been raised whether the rules governing this case would be different under Washington law.

In June, 1976, plaintiff filed suit. Its amended complaint sought to enjoin defendant "from remaining in the employ of Hudson's Bay during the period of said contract to-wit, 3 years from November 29, 1975 and from in any manner competing . . . with plaintiff during said period of time" and "for such other equitable relief as may be proper, including judgment for $30,591.00" plus costs and disbursements. After trial, the trial court dismissed the suit on the ground that defendant's acceptance of full-time employment with Hudson's Bay was not covered by the non-competition agreement, and plaintiff appeals.

■ As a suit in equity, the case is before us *de novo.* ORS 19.125(3). Since the appeal was not argued until December 4, 1978, the three-year period during which defendant was bound not to compete under the agreement had expired by its own terms, and the suit for an injunction is moot. The issue remains whether plaintiff was entitled to damages for a breach of the agreement, and if so, whether it proved its damages.

■ The trial court held that

> The average person would read and understand the non-competition provision and issue to mean that the employee is prohibited from engaging in or accepting employment with any business similar to or of a like nature to plaintiff's business: i.e. providing secretarial, consulting, management, and other business services to individual employers, including administration of accounts receivable.

The court therefore concluded that the agreement did not preclude the defendant from accepting full-time employment with Hudson's Bay, a medical clinic, which he found not to be a business "similar to or of like nature to" plaintiff's business of furnishing secretarial and management services to such clinics. We agree with that conclusion.

■ Plaintiff argues that, even if defendant's actual services for Hudson's Bay as its full-time employee are not a form of "competition" with plaintiff in violation

of the agreement, defendant engaged in such competition when he negotiated his employment by Hudson's Bay while still employed by plaintiff. We note that this is not a violation of the literal terms of the non-competition clause, which takes effect only "upon the termination of Employe's employment." Accordingly, plaintiff briefs the point as a breach of a common law duty on the part of an agent not to compete with his principal concerning the subject matter of the agency, *see* Restatement of Agency (Second) §393 (1957), which, since the complaint pleaded no common law duty but only breach of the covenant, plaintiff invokes as bearing upon the interpretation of that covenant.

If the issue were whether the covenant meant that competition of the kind forbidden for three years after the termination of employment was also forbidden during employment, we would agree that this prohibition was implicit even if not explicit in their agreement. But we have held, in agreement with the trial court, that the covenant did not promise abstention from full-time, salaried employment with one of plaintiff's medical customers as being employment by a competitor in a business "similar to or of like nature to plaintiff's business." Therefore, we are not persuaded that the covenant should be extended to preclude defendant from discussing with Hudson's Bay, while employed by plaintiff, whether he would be available for full-time employment which, if accepted, would not violate the agreement. We affirm the decision of the circuit court.

Affirmed.