Argued and submitted February 3, dismissed in part;
affirmed in part March 31, 1981

In the Matter of Stacy Lee Holland,
a child.

STATE ex rel JUVENILE DEPARTMENT OF
LANE COUNTY et al,
*Petitioners,*

*v.*

HOLLAND et ux,
*Respondents.*

(No. 75-100, CA 15225, SC 27380)


In the Matter of Heidi Michelle
Moothart, a child.

STATE ex rel JUVENILE DEPARTMENT OF
LANE COUNTY et al,
*Petitioners,*

*v.*

HOLLAND,
*Respondent.*

(No. 75-098, CA 15224, SC 27380)


In the Matter of Patrick Michael
Haggmark, a child.

STATE ex rel JUVENILE DEPARTMENT OF
LANE COUNTY et al,
*Petitioners,*

*v.*

HOLLAND,
*Respondent.*

(No. 75-009, CA 15581, SC 27380)

625 P2d 1318

John C. Bradley, Assistant Attorney General, Salem, argued the cause for petitioners. With him on the briefs were James M. Brown, Attorney General, and Walter L. Barrie, Solicitor General, Salem

Robert A. Ford, Eugene, argued the cause for respondent. With him on the briefs was Bromley & Ford, Eugene.

Barbara J. C. Shepherd, Eugene, filed briefs for the children.

TANZER, J.

**TANZER, J.**

These are three consolidated parental termination proceedings initiated by the state on behalf of three children, Stacy, Heidi, and Patrick. Judy Holland was the mother of all three children. Her husband at the time these proceedings were begun, Casey Holland, is the father of one of the children, Stacy.

The state sought termination of the mother's parental rights in all three children, and termination of the father's parental rights in his daughter, Stacy. The circuit court denied termination as to the two girls, Stacy and Heidi, but allowed termination as to the boy, Patrick. The state appealed from the orders as to the girls and the mother appealed from the order as to the boy.[1]

The Court of Appeals affirmed the orders denying termination as to the two girls and reversed the order allowing termination as to the boy, resulting in no parental termination as to any of the children. After we accepted the state's petition for review, the mother died. The state contends that despite the death of the mother, this court should rule on the termination of her parental rights as well as those of the father. Counsel for the parents agreed with that contention, although his reasons are unclear.

■ The threshold issue is whether the mother's death renders moot the state's appeal of these consolidated cases. A case becomes moot for the purpose of an appeal when, because of a change of circumstances prior to the appellate decision, the decision would resolve merely an abstract question without practical effect. *Greyhound Park v. Ore. Racing Com.*, 215 Or 76, 79, 332 P2d 634 (1958); *See also: Professional Business Services v. Gustafson*, 285 Or 307, 310, 590 P2d 729 (1979); *Johnston v. The Oregon Bank*, 285 Or 423, 426, 591 P2d 746 (1979); *Dunn v. Gray*, 238 Or 71, 73, 392 P2d 1018 (1964).

■ The judicial action sought in this proceeding is termination of the parent-child relationship. The rights of

---

[1] In addition, the parents cross-appealed in the girls' case on the constitutionality of preponderance of evidence as the standard of proof. We need not address the permissibility of a cross-appeal challenging the burden of proof under which the cross-appellant won in the trial court.

the mother to the children have been irrevocably terminated by her death. A decision now cannot modify that fact. No parental interest of hers remains extant. Thus, the case is moot as to the mother. The rights of the children to any benefits which may accrue from their relationship to their mother (i.e., insurance or social security proceeds) have not been asserted, but they will not be foreclosed by a determination that their mother's case is moot.

Thus, Heidi's and Patrick's cases are moot because the sole issue on appeal is the termination of their mother's parental rights; the father is not a party to their cases. The appeal in Stacy's case is moot as to termination of the mother's rights, but not moot as to the termination of the father's parental rights. Review is dismissed as to the mother's rights, leaving them not terminated as to any of her children.

The state points out that Heidi's and Patrick's availability for adoption would still be affected by the resolution of this appeal. This case involves the mother's rights. They are no longer material to the relief requested. One effect of the death of the mother is to make the eligibility of the children for adoption dependent in part on the resolution of the rights of the relatives living in Oregon as "next of kin" to consent to adoption of the children, if the children's natural fathers are dead. ORS 109.312.[2] Prior to the mother's death, the rights of the next of kin were merely derivative; now, the next of kin may have statutory rights and responsibilities which have not been placed in issue and cannot be resolved in this proceeding. Thus, the rights of the mother, as respondent,. are moot and the eligibility of the children for adoption depends upon the resolution of the interests of persons which are beyond the scope of the present proceeding.

---

[2] ORS 109.312 provides as follows:

"Except as provided in ORS 109.314 to 109.329, consent in writing to the adoption under ORS 109.310 of a child shall be given by:

"(1) The parents of the child, or the survivor of them.

"(2) The guardian of the child, if the child has no living parent.

"(3) The next of kin in this state, if the child has no living parent and no guardian.

Turning to the merits of the termination of Casey Holland's parental rights in his daughter Stacy, the petition was based on ORS 419.523(2)(b) and (e). These sections provide that the rights of the parent may be terminated if the court finds that

"* * * the parent or parents are unfit by reason of conduct or condition seriously detrimental to the child and integration of the child into the home of the parent or parents is improbable in the foreseeable future due to conduct or conditions not likely to change. In determining such conduct and conditions, the court shall consider but is not limited to the following:

"* * * * *.

"(b)   Conduct toward any child of an abusive, cruel or sexual nature.

"* * * * *.

"(e)   Lack of effort of the parent to adjust the circumstances of the parent, conduct, or conditions to make the return of the child possible or failure of the parent to effect a lasting adjustment after reasonable efforts by available social agencies for such extended duration of time that it appears reasonable that no lasting adjustment can be effected."

The only evidence regarding the father's violent behavior toward any of the children is that on one occasion, upon finding Patrick pestering Stacy, the father shook Patrick until he bled from the nose and possibly the ears. The Court of Appeals characterized this incident as merely the administration of "inappropriate discipline." To the contrary, that behavior was "abusive" conduct within the meaning of ORS 419.523(2)(b). Under ORS 419.523(2)(b), abusive actions by the father toward any of the children is relevant in determining his fitness as a father for Stacy.

█   This one incident of abuse of Patrick is not a sufficient basis for finding the father unfit as to Stacy. The

---

"(4) Some suitable person appointed by the court to act in the proceeding as next friend of the child to give or withhold consent, if the child has no living parent and no guardian or next of kin qualified to consent."

Although the children are in the custody of the Children's Services Division, CSD cannot consent to adoption because the children have not been permanently committed to it by a court of competent jurisdiction or surrendered to it by the responsible parties. ORS 109.316(1), ORS 419.527.

evidence shows that Patrick has severe behavorial problems and was more difficult for the parents to manage than the two daughters. The incident occurred during a particularly stressful period for the family when they had just relocated in Alaska. The father was working long hours during the short Alaskan construction season. The mother, who had a history of emotional problems, was having difficulty adjusting to the move and coping with the children. Patrick's behavior during this period had become especially frustrating and difficult to control. Under these circumstances, the father's abuse of Patrick was sufficient to justify judicial intervention, but it alone is not sufficient for a finding that he is so likely to abuse Stacy that he is unfit within the meaning of ORS 419.523(2).

The father's efforts to adjust his circumstances to make return of the children possible have been negligible, although he has gone through some of the motions. He has not been amenable to the efforts of the Childrens' Services Division because, in part, he sees no problem. This is relevant under ORS 419.523(2)(e) and may be a basis for later cumulative allegations. Nevertheless, under the present circumstances, the abuse of Patrick and the failure to benefit from CSD's efforts are insufficient to establish the father's present unfitness as a parent for Stacy. Thus we affirm the Court of Appeals as to the order denying termination of the father's parental rights in his daughter, Stacy.

In light of the father's abuse of Patrick and the uncertainty regarding his situation following the recent death of his wife, we assume that Stacy will continue to be a ward of the court, subject to continuing supervision by the trial court.

Review of cases Nos. 15224 and 15581 is dismissed. In Case No. 15225, review is dismissed as to respondent Judy Eileen Holland and the decision of the Court of Appeals is affirmed as to respondent Casey L. Holland.