## 64975. In the Interest of L.C.P.

BANKE, Judge.

This is an appeal from an order of the Fulton County Juvenile Court terminating the appellant's parental rights in her 7-year-old daughter pursuant to Code Ann. § 24A-3201(a)(2). The child's putative father had previously relinquished his parental rights voluntarily.

The child was born on October 5, 1975, and was placed in the custody of the Fulton County Department of Family and Children Services approximately 15 months later as a deprived child, based on evidence that the mother had burned garbage inside the house, allowed the child to sleep on a board that was soaked with urine, and in general maintained an unsanitary home which was not suitable for the child. When the initial custody order expired after two years, it was extended for an additional 2-year period. When the second order expired in 1980, the child was returned to the mother. However, early in 1981, custody was once again placed in the department, based, in part, on a finding that the mother had physically beaten the child to the extent of causing bruises and lacerations.

At the hearing on the termination petition, a caseworker for the department testified that the appellant's relationship with her common-law husband was unstable and stated, "we just do not feel that that would be a good home for [the child]." The witness admitted, however, that she had not inspected the appellant's home in over a year. She further testified that when the appellant visited the child at the department's offices, the child seemed uncomfortable and that as a consequence of the child's fear of the appellant, she had been placed in the care of a psychologist. The psychologist testified that in her opinion the child had become emotionally withdrawn due to the physical abuse she had received, as well as the instability of her home life. She stated that the child's emotional condition had improved during the course of therapy but that it could be expected to worsen if she were again returned to an unstable, abusive environment. *Held:*

Code Ann. § 24A-3201 (a) (2) authorizes a juvenile court to terminate parental rights if "the child is a deprived child and the court finds that the conditions and causes of the deprivation are likely to continue or will not be remedied and that by reason thereof the child is suffering or will probably suffer serious physical, mental, moral, or emotional harm ..." This court has held that it is not proper to terminate parental rights pursuant to this code section in the absence of a showing of parental unfitness, caused either by intentional or unintentional misconduct resulting in abuse or neglect

of the child, or by what is tantamount to physical or mental incapacity to care for the child. *Chancey v. D. H. R.,* 156 Ga. App. 338, 340 (274 SE2d 728) (1980); *Ray v. D. H. R.,* 155 Ga. App. 81, 88 (270 SE2d 303) (1980).

"A finding of unfitness must center on the parent alone, that is, can the parent provide for the child sufficiently so that the government is not forced to step in and separate the child from the parent. A court is not allowed to terminate a parent's natural right because it has determined that the child might have better financial, educational, or even moral advantages elsewhere." *Carvalho v. Lewis,* 247 Ga. 94, 95 (274 SE2d 471) (1981). "A mother's failure fully to live up to societal norms for productivity, morality, cleanliness and responsibility does not summarily rob her of the right to raise her own offspring, nor does it end the child's right to be raised by its own mother." *R. C. N. v. State,* 141 Ga. App. 490, 491 (233 SE2d 866) (1977). See *Shover v. D. H. R.,* 155 Ga. App. 38, 40 (270 SE2d 462) (1980). Accord *Hooks v. Baldwin County DFCS,* 162 Ga. App. 142 (290 SE2d 356) (1982); *Harper v. D. H. R.,* 159 Ga. App. 758 (285 SE2d 220) (1981).

"[E]vidence of past unfitness, standing alone, is insufficient to terminate the rights of a parent in his natural child; clear and convincing evidence of *present* unfitness is required. (Cits.)" *Blackburn v. Blackburn,* 249 Ga. 689, 692 (292 SE2d 821) (1982). See Santosky v. Kramer, 455 U. S. 745 (102 SC 1388, 71 LE2d 599) (1982). "[T]he appropriate standard of appellate review in a case where a parent's rights to his child have been severed is 'whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural parent's rights to custody have been lost.'" *Blackburn v. Blackburn,* supra, at 694.

Examined in light of these principles, the department's case presents some serious weaknesses, for the department alleged no parental misconduct or incapacity in its termination petition, and the thrust of its case at the hearing appeared to be merely that the appellant was not striving adequately to improve her parenting skills or to develop a stable home life. Furthermore, it appears that the appellant was raising a second child by her common-law husband and that the department had no quarrel with this child's situation. Finally, as previously indicated, the caseworker who testified that the appellant's home life was unacceptable admitted that she had not been to the home for more than a year. Notwithstanding these factors, however, we find the evidence sufficient to authorize the termination of the appellant's parental rights in the child. It is undisputed that when the child was returned to the appellant in 1980,

after spending four of the first five years of her life in foster care, the mother abused her brutally. The appellant exhibited no remorse over this conduct at the hearing but indicated that she felt the punishment was justified because the child would not mind her. From the testimony of the psychologist, it appears that this abuse was a primary cause of the child's emotional problems and that if the child were subjected to further such treatment, these problems would worsen. We hold that this evidence was sufficient to enable the trial court to conclude that the child was deprived; that the deprivation was caused by misconduct on the part of the appellant; that, in the absence of action by the state, this misconduct was likely to continue; and that as a consequence, the child would "probably suffer serious physical, mental, moral, or emotional harm . . ." Code Ann. § 24A-3201 (a) (2). The judgment of the trial court is accordingly affirmed. Accord *In the Interest of T.R.G.,* 162 Ga. App. 177 (290 SE2d 523) (1982).

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 22, 1982.

*Sharman Meade-Sutton,* for appellant.

*Joseph M. Winter, Michael J. Bowers, Attorney General, H. Perry Michael, Senior Assistant Attorney General, Carol Atha Cosgrove, Vivian D. Egan, Assistant Attorneys General,* for appellee.