Argued and submitted December 8, 1983, appeal dismissed February 8, 1984

## CITADEL CORPORATION et al,
*Petitioners,*

*v.*

## TILLAMOOK COUNTY,
*Respondent.*

### (83-049; CA A29828)

675 P2d 1114

Kenneth M. Elliott, Portland, argued the cause for petitioners. With him on the brief were Timothy V. Ramis and O'Donnell, Sullivan & Ramis, Portland.

Respondent Tillamook County appeared by motion to dismiss.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

PER CURIAM

## PER CURIAM

Petitioners seek judicial review of a final order of the Land Use Board of Appeals (LUBA), affirming Tillamook County's denial of petitioners' application for a zone change from Rural Residential to Rural Residential-Planned Development. They contend that the County's decision was flawed because: (1) it was based on standards announced after the hearing was closed, and (2) it was based on grounds other than those discussed in its findings. They also contend that LUBA erred in denying them an evidentiary hearing to permit them to show procedural irregularities not revealed by the record and that the County's decision was reached in violation of the Open Meetings Law, because two commissioners reached their decision by discussing the matter off the record.

While the case was pending before LUBA, the County adopted an ordinance amending the zoning on a substantial number of parcels, including the property involved here. Petitioners' property has been rezoned for exclusive farm use. Given that change in circumstances, the County moved to dismiss this appeal as moot.[1]

The question is whether any decision on the merits would resolve merely an abstract question without practical effect. *State ex rel Juv. Dept. v. Holland,* 290 Or 765, 625 P2d 1318 (1981). If we agreed with petitioners' contentions, the case would be remanded, either immediately or ultimately, to the county to correct the claimed deficiencies in its findings. However, given the rezoning of the property, new proceedings involving different questions will be necessary. Petitioners contend that, notwithstanding the rezoning, the County's comprehensive plan showed their property as Rural Residential and that a hearing to amend the plan is necessary, giving them an opportunity to oppose the plan change. However, the ordinance amending the zoning has been enacted, and the comprehensive plan has not yet been acknowledged by LCDC. The County states that the zoning amendments were adopted in conjunction with its ongoing efforts to obtain acknowledgment of its comprehensive plan.

---

[1] The motion to dismiss was denied initially, but not with finality. We reconsider it on our own motion.

Concededly, there is always a possibility that the County may amend its zoning ordinance again. However, as things now stand, any decision we might render on the merits would be moot.

Appeal dismissed.