68486, 68487. IN THE INTEREST OF A. O. A. et al. (two cases).
(323 SE2d 208)

McMURRAY, Chief Judge.

The natural parents of three minor children brought separate appeals from an order of the Juvenile Court of Troup County terminating their parental rights. *Held:*

1. A suggestion of death has been filed in the father's appeal pursuant to Rule 39 (a) of this court. A consolidated response by all parties has been filed agreeing that the appeal in Case No. 68486 is now moot by reason of the death of the father. Accordingly, the appeal in No. 68486 is dismissed.

2. Upon petition by the Department of Human Resources of the State of Georgia (DHR) for the termination of parental rights, evidence was presented, and the juvenile court so found, that (prior to his death) the father had been convicted and imprisoned since 1978 for arson in the first degree. In 1981 the children were placed in the temporary custody of DHR as a result of inadequate food and care at home, poor health, and erratic school attendance. All the children had head lice and were unclean and inappropriately dressed for the weather. One child, S. K. A., was suffering from nine medical problems, including an untreated clubfoot, autism and dwarfism syndrome caused by neglect, in the opinion of a pediatrician who had examined all of the children. These symptoms improved when she

was placed in foster care. In August of 1982 the Troup County Department of Family and Children Services (DFCS) attempted to return the eldest child, A. O. A., to her mother after the mother began working steadily and indicated that she could properly care for the children. While A. O. A. was living with her mother in 1983 the child was sexually abused by the mother's boyfriend, apparently for some period of time. When A. O. A.'s behavior at school caused her teachers to question her, A. O. A. revealed to them what was happening, but her mother did not believe her when confronted with the facts and continued her intimate relationship with the boyfriend. A. O. A. was taken back into custody by the DHR and county DFCS as she felt that she was rejected by her mother and did not wish to live with her. The mother's boyfriend was arrested and convicted of child molestation and is currently serving a 20-year prison sentence. The mother has been arrested for drunkenness and public disorder. While she is currently employed as a waitress, the mother has failed to make any of her required support payments of $5 a month per child in the past year, and in fact, made only two such payments during the entire period of agency custody.

The court concluded from numerous incidences of neglect, lack of desire to obtain parenting skills, failure to support the children and the mother's misconduct that the children were deprived, and that the conditions and causes of the deprivation were likely to continue. The court further concurred with the opinion of the agency's doctors and psychologists that the children were suffering or would probably suffer serious physical, mental, moral or emotional harm if they were allowed to return to the mother's custody. Termination of parental rights was ordered pursuant to OCGA § 15-11-51 (a) (2).

The mother contends on appeal that the evidence does not support a finding of deprivation or that the deprivation was likely to continue. We do not agree.

"This court has held that it is not proper to terminate parental rights pursuant to [OCGA § 15-11-51 (a) (2)] in the absence of a showing of parental unfitness, caused either by intentional or unintentional misconduct resulting in abuse or neglect of the child, or by what is tantamount to physical or mental incapacity to care for the child. [Cits.]" *In the Interest of L. C. P.*, 164 Ga. App. 473 (297 SE2d 510). "A finding of unfitness must center on the parent alone, that is, can the parent provide for the child sufficiently so that the government is not forced to step in and separate the child from the parent." *Carvalho v. Lewis*, 247 Ga. 94, 95 (274 SE2d 471). "[T]he appropriate standard of appellate review in a case where a parent's rights to his child have been severed is 'whether after reviewing the evidence in the light most favorable to the appellee, any rational trier of fact could have found by clear and convincing evidence that the natural

parent's rights to custody have been lost.'" *Blackburn v. Blackburn*, 249 Ga. 689, 694 (292 SE2d 821). See also *In re Suggs*, 249 Ga. 365 (2) (291 SE2d 233).

The evidence in this case provides clear and convincing proof of deprivation on the part of the children and parental unfitness on the part of the mother, and was sufficient to authorize termination of the mother's parental rights. Accord *Jones v. Dept. of Human Resources*, 168 Ga. App. 915, 916 (1) (310 SE2d 753); *In re L. A.*, 166 Ga. App. 857, 861 (305 SE2d 636).

*Appeal dismissed in Case No. 68486. Judgment affirmed in Case No. 68487. Deen, P. J., and Sognier, J., concur.*

DECIDED SEPTEMBER 18, 1984 —
REHEARING DENIED OCTOBER 12, 1984 ▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

*Jerry L. Causey, Patrick T. Beall*, for appellant (case no. 68486). *Jeannette L. Little*, for appellant (case no. 68487).

*A. E. Daniel III, Special Assistant Attorney General, Michael J. Bowers, Attorney General, James P. Googe, Jr., Executive Assistant Attorney General, H. Perry Michael, First Assistant Attorney General, Carol A. Cosgrove, Senior Assistant Attorney General, David C. Will, Assistant Attorney General*, for appellees.