Argued and submitted January 13, reversed and remanded for reconsideration in
part; otherwise affirmed April 21, 1993

## FEDERATION OF OREGON PAROLE
## AND PROBATION OFFICERS,
*Petitioner,*

*v.*

## STATE OF OREGON,
## DEPARTMENT OF CORRECTIONS
and Multnomah County,
*Respondents.*

(UP-51-91; CA A75823)

850 P2d 1154

Daryl S. Garrettson, Portland, argued the cause for petitioner. With him on the brief was Aitchison, Hoag, Vick & Tarantino, Portland.

Richard D. Wasserman, Assistant Attorney General, Salem, argued the cause for respondent State of Oregon. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Jacqueline A. Weber, Portland, argued the cause and filed the brief for respondent Multnomah County.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

RIGGS, J.

## RIGGS, J.

Federation of Oregon Parole and Probation Officers (FOPPO) seeks review of an order of the Employment Relations Board (ERB). The order found that respondents had not committed an unfair labor practice by refusing to bargain over the decision or the impact of the decision to transfer a group of probation and parole officers from employment with the State of Oregon to employment with Multnomah County pursuant to ORS 423.550.

Before 1991, Multnomah County provided only misdemeanant parole and probation supervision; felony parole and probation supervision was provided by the state. Accordingly, the parole and probation officers who supervised felons in Multnomah County were state employees. They were represented by FOPPO.

In 1991, Multnomah County decided to exercise its discretion under ORS 423.550 to provide parole and probation services for felons. The state and county were required by ORS 423.550(1) to negotiate an intergovernmental agreement so that the parole and probation officers supervising felons could go to work for the county. FOPPO demanded to bargain over both the decision to transfer and the decision's impact.[1] The state refused the demand and formalized the intergovernmental agreement without FOPPO's input.

The state parole and probation officers who supervised felons became county employees. County parole and probation officers have a lower salary level than their state counterparts. Although the former FOPPO members did not receive a pay cut their pay was "red-lined," which means that their merit raises were postponed until the pay of similarly situated county employees caught up. Other changes in their conditions included different insurance benefits, one less holiday and less access to firearms. They were placed in an existing bargaining unit represented by the American Federation of State, County and Municipal Employees (AFSCME).

---

[1] ERB found that FOPPO requested to bargain over only the impact of the decision, while FOPPO argues on review that copies of its demand letters show that it demanded to bargain both the decision and the impact of the decision. The demand letters were not masterpieces of clarity, but they do state that FOPPO demanded to bargain the decision as well as the impact.

FOPPO filed an unfair labor practice complaint with ERB, charging that the state and county had improperly refused FOPPO's demand to bargain over the decision and impact of the intergovernmental agreement. ORS 243. 672(1)(e); ORS 423.550. The Board ruled that the state could refuse to bargain with FOPPO because the state was required to approve the intergovernmental agreement if that agreement conformed to the statutory requirements. The Board also ruled that the county could not bargain with FOPPO before or after the transfer, because FOPPO was never the exclusive representative of the county officers.

FOPPO asks us to reverse and remand ERB's order. Before reaching the merits of FOPPO's argument, we address the state's mootness argument. FOPPO does not specify what relief it sought through the unfair labor practice complaint. The state suggests that FOPPO seeks a chance to bargain over the decision to transfer. That remedy is unavailable now that the transfer is complete and AFSCME is now the officers' exclusive representative. However, it does not follow that a decision about the state's duty to bargain is moot, resolving "merely an abstract question without practical effect." *State ex rel Juv. Dept. v. Holland*, 290 Or 765, 767, 625 P2d 1318 (1981). ORS 243.676(2) authorizes ERB to remedy a refusal to bargain by assessing representation costs and by fashioning other remedies. In addition, the dispute over the state's duty to bargain over impacts of the transfer is not abstract even though the transfer itself has been completed. The issues are not moot.

We turn now to the merits of FOPPO's argument that the state had a duty to bargain the decision to transfer and its impact. In general, if an action affects employment relations, an employer has an obligation to bargain in advance, and in good faith. *Salem Police Employees Union v. City of Salem*, 308 Or 383, 394, 781 P2d 335 (1989); ORS 243.650(7). It is uncontested that the transfer affected employment relations. However, an employer is not required to bargain over a union proposal that is inconsistent with state law. *See Sutherlin Ed. Assn v. Sch. Dist.*, 25 Or App 85, 87, 548 P2d 204 (1976). Resolution of the unfair labor practice charge depends, then, on whether the state was foreclosed from negotiation with the union over the decision to

transfer and the criteria for approval of the intergovernmental agreement, or the impacts of the transfer action.

■        Under ORS 423.550(2)(b), parole and probation officers will be transferred from state to county employ "at the discretion of the county." Nevertheless, FOPPO argues that the state can effectively control the transfer decision and its impact because transfer is conditioned on state approval. However, ORS 423.550(1) gives the state no discretion; it directs that the state "shall" enter into an intergovernmental agreement. ORS 423.550(1) also specifies the contents of the intergovernmental agreement that the state must sign; employment conditions are not mentioned. Employment conditions of the transferred officers are established by other statutes. Those statutes state that the receiving employer cannot cut the salaries or retirement eligibility of transferred employees, ORS 423.550(2)(c); that transferred employees can retain accrued sick leave and certain vacation leave, ORS 236.610(2); and that transferred employees must receive the same benefits, hours and conditions of employment enjoyed by the county's other employees. ORS 236.620(4). Because the statutory scheme gave the state no discretion over approval of the transfer, the state had no duty to bargain over the transfer decision.

FOPPO argues that OAR 291-31-015(4)(b)(D), adopted by the Department of Corrections, requires the state to consider changes in the benefits of the transferred officers. The rule provides:

> "Plans must demonstrate how affected state employee salaries and benefits will be protected in accordance with ORS 423.550."

Nothing in the language of that rule establishes a new, non-statutory ground for the state to reject an intergovernmental agreement to transfer employees under ORS 423.550. It merely requires a demonstration that the transfer plan complies with existing statutory requirements. FOPPO's arguments concerning the state's duty to bargain over the transfer decision are without merit.

■        However, ERB's order does not contain an adequate explanation of its reasoning for dismissing the complaint regarding the demand to bargain over the impacts or effects

of the intergovernmental agreement and resulting transfers. ERB said:

> "Based on the facts of this case and our interpretation of the applicable statutes, we find that the Department did not, and indeed could not, make the decision to transfer to the County the employees represented by FOPPO. We therefore conclude that the Department had no duty to bargain over that decision *or, consequently, over the effects of it on employees' working conditions.*" (Emphasis supplied.)

ERB's conclusion regarding impacts does not logically follow either as a consequence of the state's right to refuse to bargain over the transfer decision or otherwise. The state, through collective bargaining, could have softened some of the predictable negative effects of the impending transfer when FOPPO demanded bargaining. If FOPPO had negotiated a higher salary with the state in anticipation of the transfer, ORS 423.550(2)(c) would have required the county to pay that salary after the transfer. That would have mitigated some of the workers' anticipated losses. Even if the parties never reached an agreement, good faith bargaining might tend to lessen labor tensions concerning the proposed transfer. If the union was entitled to invoke bargaining and dispute resolution procedures over impacts, it was entitled to do so *before* adverse impacts occurred. *Salem Police Employees Union v. City of Salem, supra,* 308 Or at 395. ERB's rationale for dismissing the complaint over impact bargaining is not adequately explained in its order. *See Home Plate, Inc. v. OLCC,* 20 Or App 188, 190, 530 P2d 862 (1975). We remand that portion of ERB's order for reconsideration.

■    We turn now to FOPPO's argument that the county had a duty to bargain the decision to transfer and its impact. FOPPO argues at length that the legislative policy behind the Public Employees' Collective Bargaining Act dictates that parole and probation officers must be given a voice in the transfer decision. However, we are not at liberty to reevaluate a statutory scheme and fill in perceived legislative omissions. ORS 174.010.

■ ■    FOPPO argues that the county is a successor employer and so must bargain with the union that represented its predecessor's employees. FOPPO confuses successorship with accretion. An employer is a successor only if

three conditions, including continuity of the appropriate bargaining unit, are met. *OSEA v. Dept. of Fish and Wildlife*, Case No. C-139-77, 3 PECBR 1816, 1819 (1978). Accretion occurs when employees are transferred to a work place where a bargaining unit already exists, and that existing unit can reasonably absorb the transferred employees. Before the transfer, the officers supervising felons were part of a bargaining unit consisting only of parole and probation officers. However, that bargaining unit is no longer appropriate because the county has a "wall-to-wall" bargaining unit embracing not only parole and probation officers but a wide range of job classifications. Therefore, there was no successorship. Instead, there was accretion. Here, the existing AFSCME unit already included county officers supervising felons, so it was reasonable for the transferred officers to accrete. The county had no duty to bargain with FOPPO.

Reversed and remanded for reconsideration of decision on impact bargaining; otherwise affirmed.