Corrected Opinion
 

 FARMER, J.
 

 The father was killed in an automobile accident before his appeal of an order ter
 
 *889
 
 minating his parental rights (TPR) as to his daughter could be submitted to this coui’t for a final decision on the merits. The State agency, DCF, duly filed a notice of his death. It’s notice advises that even if the final judgment of TPR were soundly based and affirmed, it may not now be in the best interests of the child to do so. DCF points out that a TPR may have adverse legal consequences for her in regard to any interest she may have in a wrongful death action related to her father’s death. Regional Conflict Counsel representing the father on the appeal argues we should either determine the merits and reverse the judgment, or instead abate the appeal in the manifest best interests of the child.
 

 The death of a party to an appeal before review occurs arises in other legal contexts. For example, in criminal cases the death of the defendant before appellate review does not erase the presumably correct conviction by the trial court.
 
 State v. Clements,
 
 668 So.2d 980 (Fla.1996) (holding that upon death of criminal defendant, appeal of conviction may be dismissed but may not be abated ab initio, that the death of the defendant does not extinguish a presumably correct conviction and restore the presumption of innocence which the conviction overcame). The paramount concern here is the State’s interest in vindicating its criminal laws by punishing offenders.
 
 Id.
 
 On the other hand, the conviction may have adverse consequences against the defendant’s estate. Therefore upon a proper showing the court may allow the appeal to proceed to finality. If good cause is not demonstrated, the court may then dismiss — but not abate- — the appeal.
 
 Id.
 

 Similarly, in dissolution of marriage (DOM) cases when dissolution has been bifurcated from the other issues, the death of one of the parties has no effect on the judgment dissolving the marriage itself even though there are collateral matters still undecided.
 
 Gaines v. Sayne,
 
 764 So.2d 578 (Fla.2000) (fact that matters collateral to issue of dissolution remain unresolved should not alter court’s unchallenged finding that marriage is irretrievably broken). The death of the party does not divest the court of jurisdiction to decide the remaining issues between the parties.
 
 Id.
 
 The collateral consequences as to the remaining issues between the parties — division of property and other financial matters — can still be addressed by the trial court in spite of the death.
 
 Barnett v. Barnett,
 
 768 So.2d 441, 442 (Fla.2000) (death of party after entry of judgment of dissolution did not affect decree or divest court of jurisdiction to decide remaining issues between the parties).
 

 Neither the criminal nor DOM rule is an exact fit for this TPR case. We do observe, however, that in both criminal and DOM cases the court was careful not to allow the presumption of validity of the judgment to inflict adverse consequences on collateral property interests. We must not forget that the overriding concern in TPR cases is for the best interests of the child, not the parents. § 39.810, Fla. Stat. (2008) (in TPR cases court shall consider the manifest best interests of the child). The State initiates TPR proceedings, not to punish parents who fail to meet their obligations to the child, but to protect the child and her interests.
 

 The term
 
 best interests of the child
 
 is broad enough to encompass property interests of the child related to her natural parent.
 
 See, e.g., D.L.S. and J.S. v. L.R.G.,
 
 345 N.W.2d 138 (Iowa 1984) (reversing denial of motion to vacate TPR order after death of child, because no interest of child is served by having a TPR order remain in force after death of child
 
 *890
 
 and vacation of TPR furthers substantial rights of natural father regarding burial rights, selection of personal representative, and distribution of property in intestate estates). A final judgment ending this father’s parental rights might be presumed correct for purposes of beginning the process of deciding the merits on full appellate review. But the State’s interest in vindicating judgments presumed correct must give way to that paramount concern, the best interests of the child, especially as to collateral property rights related to her father that might be lost by upholding a final judgment terminating his parental rights.
 

 At this point, we have only the final judgment and the record leading to that judgment. As with criminal and DOM cases, the death of the father should not render moot the jurisdiction of either this court or the trial court as to the collateral property rights affected by the death. We hold that the father’s death at this point in the legal proceedings does not prevent the courts from assessing whether, considering the best interests of the child, a judgment terminating the parental rights of the father should be made final in spite of collateral consequences. At this point, we have no basis or any record on which to determine whether a final decision on the merits of TPR would be in the child’s best interests if it would adversely affect an interest relating to a wrongful death of the father. Rather than rendering TPR moot, the death of the father simply raises new issues as to whether termination is in her best interests.
 

 We therefore conclude instead, as suggested by ORC, that it is now in the best interests of the child to abate this appeal and relinquish jurisdiction to the trial court to make that decision in the first instance. The trial court is authorized to reopen the case, take such additional evidence as may be relevant to that issue and, based on all the evidence before the court, re-enter a judgment on the petition as to whether in light of his death it is in the child’s best interests to enter a final order terminating the father’s parental rights.
 

 Appeal abated; jurisdiction relinquished to trial court for further proceedings.
 

 HAZOURI and CIKLIN, JJ., concur.