MOORE, Judge.
On June 10, 2016, C.J., also known as C.M. (“the mother”), filed a notice of appeal from a judgment entered by the El-more Juvenile Court (“the juvenile court”) that terminated her parental rights to T.N.J. (“the child”). On October 3, 2016, appellate counsel for the mother filed in this court a suggestion of death and a motion to dismiss the appeal. The mother’s attorney stated that, subsequent to the filing-of the, notice of appeal, the mother had died and, thus, that the issues on appeal were moot.
This court entered an order directing T.J., the petitioner in the termination-of-parental-rights case (“the appellee”), and the guardian ad litem for the child to respond to the suggestion of death and the motion to dismiss. This court ordered the appellee and the guardian ad litem to “specifically address[] whether dismissal of this appeal, could adversely affect the rights of the child to inherit from the mother and/or to receive proceeds from any action arising from the wrongful death of the mother. See C.A. v. Department of Children & Families, 16 So.3d 888 (Fla. Dist. Ct. App. 2009).”
The appellee responded, requesting that this court abate the appeal and restore jurisdiction to the juvenile court for that court to determine the best interests of the child in light of the mother’s death. The appellee asserted that the mother had died unexpectedly after a surgical procedure and that “a termination of parental rights may have an adverse legal consequence to the child in regards to any interest the child may have in a wrongful death action as related to the ... Mother’s death.” The guardian ad litem echoed the appellee’s factual averments and also requested that this court abate the appeal and restore jurisdiction to the juvenile court for that court to determine the best interests of the child in light of the mother’s death.
We must now determine whether .to dismiss the appeal as moot as requested by the mother’s counsel or. to abate, or dismiss, the appeal and restore jurisdiction to the juvenile court for that court to determine the best interests of the child in *117 light of the mother’s death as requested by the appellee and the guardian ad litem.
“ ‘ “ ‘The test for mootness is commonly stated as whether the court’s action on the merits would affect the rights of the parties.’ Crawford v. State, 153 S.W.3d 497, 501 (Tex. App. 2004) (citing VE Corp. v. Ernst & Young, 860 S.W.2d 83, 84 (Tex. 1993)). ‘A case becomes moot if at any stage there ceases to be an actual controversy between the parties.’ Id. (emphasis added) (citing National Collegiate Athletic Ass’n v. Jones, 1 S.W.3d 83, 86 (Tex. 1999)).”
“‘Chapman v. Gooden, 974 So.2d 972, 983 (Ala. 2007) (first emphasis added). See also Steffel v. Thompson, 415 U.S. 452, 459 n.10, 94 S.Ct. 1209, 39 L.Ed.2d 505 (1974) (“[A]n actual controversy must be extant at all .stages of review, not merely at the. time the complaint is filed.”).’
“South Alabama Gas Dist. v. Knight, 138 So.3d 971, 974-75 (Ala. 2013).
“‘“[A]n appeal will be dismissed as moot ‘if an event happening after hearing and decree in circuit court, but before appeal is taken, or pending appeal, makes determination of the appeal unnecessary or renders it clearly impossible for the appellate court to grant effectual relief.’” Masonry Arts, [Inc. v. Mobile Cty. Comm’n,] 628 So.2d [334] at 335 [ (Ala. 1993)], quoting Morrison v. Mullins, 275 Ala. 258, 259, 154 So.2d 16, 18 (1963).’
“Estate of Mollett v. M & B Builders, L.L.C., 749 So.2d 466, 469 (Alai Civ. App. 1999).”
Davis v. Davis, 221 So.3d 474, 480 (Ala. Civ. App. 2016).
Although this state has not considered the specific question whether the death of a parent while an appeal from a termination-of-parental-rights judgment is pending moots that appeal, other states have considered that question. Courts in Georgia, Oregon, and New Jersey have held that the intervening death of a parent renders moot that parent’s appeal from a termination-of-parental-rights. judgment. See In re A.O.A., 172 Ga.App. 364, 323 S.E.2d 208 (1984); In re Holland, 290 Or. 765, 625 P.2d 1318 (1981); and New Jersey Div. of Youth & Family Servs. v. P.F. (In re I.R., a minor), Docket No. FN-16-116-07) (N.J. Super. Ct. App. Div., Jan. 2, 2009) (not reported in A.2d).
In In re A.O.A., the Court of Appeals of Georgia held, without discussion, that the father’s appeal from a judgment terminating his parental rights had been mooted as a result "of the father’s intervening death. 172 Ga.App. at 364, 323 S.E.2d at 208-09. In In re Holland, the Supreme Court of Oregon held that the "appeal filed by the mother from a judgment terminating her parental rights to her children had been mooted by the mother’s intervening death, but the court noted that “[t]he rights of the children to any benefits which may accrue from their relationship to their mother (i.e., insurance or social security proceeds) have not been asserted, but they will not be foreclosed by a determination that their mother’s case is moot.” 290 Or. at 768, 625 P.2d at 1319. In RF., the appellate division'of the Superior Court of New Jersey held that the appeal filed by a parent, who subsequently died while the appeal was pending, did “not have any practical effect on the initial controversy,” and it dismissed the appeal as moot.
On the other hand, courts in Florida and Texas have held that the intervening death of a parent following the filing of a notice of appeal from a judgment terminating the parent’s parental rights does not necessarily moot that parent’s appeal. See C.A. v. *118 Department of Children & Families, 16 So.3d 888 (Fla. Dist. Ct. App. 2009); and In re S.N., 272 S.W.3d 45 (Tex. App.2008).
In C.A., the Fourth District Court of Appeals of Florida considered the question whether the father’s death, which resulted from an automobile accident that occurred while his appeal from a judgment terminating his parental rights to his child was pending, rendered his appeal moot. The court noted that the Florida Department of Children and Family Services, á party to the case, had averred “that[,] even if the final judgment [terminating the father’s parental rights] were soundly based and affirmed, it may not now be in the best interests of the child to do so” because “a [termination-of-parental-rights judgment] may have adverse legal consequences for [the child] in regard to any interest she may have in a wrongful death action related to her father’s death.” C.A., 16 So.3d at 889. In determining how to proceed, the court initially noted that “the overriding concern in [termination-of-parental-rights] cases is for the best interests of the child, not the parents.” 16 So.3d at 889. The court then reasoned that “[t]he term best interests of the child is broad enough to encompass property interests of the child related to her natural parent,” id. and that “the death of the father should not render moot the jurisdiction of either [the court of appeals] or the trial court as to the collateral property rights affected by the [father’s] death,” 16 So.3d at 890. The court further reasoned that, “[r]ather than rendering [the appeal] moot, the death of the father simply raises new issues as to whether termination is in [the child’s] best interests.” Id. The court noted that there was no basis in the record from which it could determine whether, considering the father’s intervening death, termination of the father’s parental rights would be in the best interests of the child. Id. Therefore, it abated the appeal and relinquished jurisdiction to the trial court to take additional evidence on that issue and to determine “whether, considering the best interests of the child, a judgment terminating the parental rights of the father should be made final in spite of collateral consequences.” Id.
In In re S.N., a Texas Court of Appeals considered whether a father’s intervening death mooted an appeal from a judgment terminating his parental rights to his child. Initially, that court noted that an appeal concerning purely personal rights would be mooted by the death of the party who was seeking to protect that right, but, the court said, an appeal concerning a property right would not be rendered moot. 272 S.W.3d at 57. The court recognized that, if the termination-of-parental-rights judgment were to be reversed, “the parent-child relationship between [the father] and [the child] would be restored, and [the child] would potentially be entitled to a share of his estate.” Id. Because a property right of the child was at issue, the court concluded that the father’s death did not moot the appeal. Id.
We find the reasoning of the cases decided in Florida and Texas persuasive. “ ‘It is well settled [in Alabama] that the paramount concern in proceedings to terminate parental rights is the best interest of the child.’” B.H. v. M.F.J., 197 So.3d 997, 1000 (Ala. Civ. App. 2015) (quoting R.S. v. R.G., 995 So.2d 893, 903 (Ala. Civ. App. 2008)). In the present case, both the appellee and the guardian ad litem have asserted that it might not be in the best interests of the child for the judgment terminating the mother’s parental rights to stand because that judgment could deprive the child of her property rights, specifically, the rights of the child to inherit from the mother and/or to receive proceeds from any action arising from the wrongful *119 death of the mother. Because this case does not involve merely a personal interest of the mother that ceased to exist at her death but, instead, involves a property interest of the child that exists because of the mother’s death, we conclude that this appeal is not moot.
Because, like in C.A., the record does not contain information relevant to the determination of the best interests of the child in light of the mother’s death, we dismiss the ,appeal, albeit it with instructions to the juvenile court to take additional evidence regarding whether termination of the mother’s parental rights serves the best interests of the child with regard to property interests that might have arisen because of the mother’s death and to enter a judgment based on that evidence.
APPEAL DISMISSED WITH INSTRUCTIONS.
Thompson, P.J., and Pittman, Thomas, and Donaldson, JJ., concur.