IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IN RE TERMINATION OF PARENTAL RIGHTS AS TO G.L., K.L, D.L,
G.L., and J.L.

No. 1 CA-JV 24-0107

FILED 04-01-2025

Appeal from the Superior Court in Maricopa County
No. JD42635
The Honorable Gregory Como, Judge

**APPEAL STAYED; JURISDICTION REVESTED**

COUNSEL

David W. Bell Attorney at Law, Higley
By David W. Bell
*Counsel for Appellant Mother*

Maricopa County Office of the Public Advocate, Mesa
By Seth Draper
*Counsel for Appellant Father*

Arizona Attorney General's Office, Mesa
By Ingeet Pandya
*Counsel for Appellee DCS*

Law Office of Marcus F. Westervelt, Phoenix
By Marcus F. Westervelt
*Counsel for Appellee Children*

---

## OPINION

Presiding Judge Michael S. Catlett delivered the opinion of the Court, in which Judge Daniel J. Kiley and Judge David D. Weinzweig joined.

---

**C A T L E T T**, Judge:

**¶1**        Heath L. ("Father") appealed the juvenile court's order denying his motion to continue his termination hearing.[1]   During this appeal, Father passed away.  No prior Arizona decision addresses how to proceed when a parent who is appealing a termination order passes away.

**¶2**        We conclude that a parent's death during such an appeal does not automatically moot it.   Rather, the focus remains on whether termination is still in the child's best interests, including considering any property interests that have arisen from the parent's death.  If, as is the case here, the record lacks sufficient information to resolve that issue, this court will stay the appeal and revest jurisdiction in the juvenile court to take additional evidence and argument and make a new best-interests finding. We therefore stay Father's appeal and revest jurisdiction in the juvenile court for further proceedings.

### FACTS AND PROCEDURAL HISTORY

**¶3**        Father and Amanda L. ("Mother") (together, "the Parents") were married and shared five children.  In early 2023, the Department of Child Safety ("Department") petitioned to find the children dependent. The juvenile court later made that finding.  The Department then moved to terminate Father's parental rights based on a history of chronic substance abuse and because the children had been in an out-of-home placement for more than nine months.  *See* A.R.S. §§ 8-533(B)(3), (B)(8)(a).

**¶4**        About two weeks before the scheduled termination hearing, the Parents requested a sixty-day continuance.  The court denied that request, proceeded with the termination hearing as scheduled, and terminated Father's rights.

---

[1]     We address Mother's appeal in a separate memorandum decision. *See* Ariz. R. Civ. App. P. 28(c); Ariz. R. Sup. Ct. 111(h).

¶5 Father timely appealed, challenging the denial of his motion to continue. In October 2024, after appellate briefing was complete, the Department filed a certificate of death in the juvenile court, indicating Father passed away in July 2024.

## DISCUSSION

¶6 Due to Father's death, we requested Father's counsel and the Department to weigh in on how best to proceed. The Department argues Father's appeal is now moot because it is now impossible for him to exercise parental rights. Father's counsel disagrees, insisting that termination remains a live issue that may impact the children's property rights.

¶7 Generally, "we will dismiss an appeal as moot when our action as a reviewing court will have no effect on the parties." *Cardoso v. Soldo*, 230 Ariz. 614, 617 ¶ 5 (App. 2012) (citing *Bank of New York Mellon v. De Meo*, 227 Ariz. 192, 194 ¶ 8 (App. 2011)). Dismissing on mootness grounds "is a matter of prudential or judicial restraint subject to the exercise of our discretion." *Id.* (citations omitted). We therefore are "not required to dismiss an appeal even if mooted by events like an appellant's death." *State v. Reed*, 248 Ariz. 72, 77 ¶ 17 (2020). Rather, we may consider issues that "(a) are of statewide interest, (b) remain a controversy, or (c) are capable of repetition[.]" *Id.* at 81 ¶ 31. We now add a fourth category to that list: issues that impact a child's best interests. *Cf. Solorzano v. Jensen*, 250 Ariz. 348, 350 ¶ 8 (App. 2020) ("We typically decline to find waiver where a child's best interests are at issue[.]").

¶8 Although no Arizona statute, rule, or decision addresses the current situation, courts in other states have addressed it. Those that have considered the situation are nearly unanimous in concluding that a parent's death does not moot the appeal. It instead requires courts to reconsider whether termination remains in the child's bests interests.

¶9 For example, the Florida Court of Appeals concluded that a father's death did not moot his appeal; rather, it "simply raise[d] new issues as to whether termination [was] in [the child's] best interests." *C.A. v. Dep't of Children and Families*, 16 So. 3d 888, 890 (Fla. Dist. Ct. App. 2009). And because the "best interests of the child" included any collateral property interests stemming from the father's death, the court could still consider whether terminating the father's rights was in the child's best interests. *Id.* But, because the court lacked "any record on which to determine whether a final decision on the merits" would be in the child's best interests, it stayed the appeal and relinquished jurisdiction to the trial court. *Id.*

¶10        The Alabama Court of Civil Appeals followed a similar path. That court concluded that a mother's appeal did "not involve merely a personal interest of the mother that ceased to exist at her death but, instead, involve[d] a property interest of the child that exists because of the mother's death[.]" *C.J. v. T.J.*, 225 So. 3d 115, 119 (Ala. Civ. App. 2016). Lacking sufficient information in the record to determine whether termination was still in the child's best interests, the court dismissed the appeal and instructed the trial court to take further evidence on the issue. *Id.* Similarly, the Texas Court of Appeals explained that a deceased parent's appeal of a termination order may not be moot because "[i]f it were determined that the termination decree should be reversed, then the parent-child relationship . . . would be restored, and [the child] would potentially be entitled to a share of [the parent's] estate." *In re S.N.*, 272 S.W.3d 45, 57 (Tex. Ct. App. 2008).

¶11        On the other hand, the Oregon Supreme Court held that a parent's death mooted the appeal, but the factual situation there was different than that here. In that case, the Oregon Supreme Court held that a mother's death mooted the State's appeal because her parental rights were "irrevocably terminated by her death" and "[a] decision now [could not] modify that fact." *In re Holland*, 625 P.2d 1318, 1319 (Or. 1981). Still, the court remarked that "[t]he rights of the children to any benefits which may accrue from their relationship to their mother (i.e., insurance or social security proceeds) have not been asserted, but they will not be foreclosed by a determination that their mother's case is moot." *Id.* That was true because the Oregon Court of Appeals affirmed the *denial* of termination as to her daughters and *reversed* termination as to her son, so mooting out the State's appeal left the mother's rights "not terminated as to any of her children." *Id.*

¶12        Finally, the Georgia Court of Appeals held that a father's death rendered his appeal from a termination judgment moot. *In re A.O.A.*, 323 S.E.2d 208, 208-09 (Ga. App. 1984). But the court did so without any discussion. *See id.*

¶13        Like Florida, Alabama, and Texas, we adopt a narrow exception to the mootness doctrine when a parent appealing a termination order passes away during the appeal. Although a deceased parent's appeal will no longer affect their personal parental rights, it could affect a child's property interests. And that, in turn, may alter the best-interests analysis — the "paramount" consideration in termination cases. *See, e.g., Dep't of Child Safety v. Beene*, 235 Ariz. 300, 304 ¶ 9 (App. 2014).

4

¶14 Accordingly, Father's death has not mooted his appeal. It instead requires us to analyze anew the children's best interests. But the record is insufficient to do so. For example, it is not clear how Father passed away. Also, terminating Father's rights and ordering adoption could make the children ineligible for inheritance or social security or other benefits. But we lack enough information to know whether the children are likely to receive any benefits or inheritance or what impact, if any, termination will have. *See* A.R.S. § 8-117(B) (providing that "the right of inheritance" no longer exists "[o]n entry of the decree of adoption"), § 8-539 (providing that an order terminating parental rights does not divest the child of a right "to inherit and support from the parent" but the "right of inheritance and support" terminates with "a final order of adoption."). We therefore stay Father's appeal and revest jurisdiction in the juvenile court. *See* Ariz. R.P. Juv. Ct. 608(b)(4) (an appellate court may "suspend[] the appeal and revest[] jurisdiction in the juvenile court for further proceedings in that court.").

¶15 When the juvenile court again picks this case up, it should allow the parties to submit additional argument and any evidence on whether, after Father's death, terminating his rights is still in the children's best interests. After doing so, the court should make a new best-interests finding. In making that finding, the court should consider how termination might impact any property interests the children now have because of Father's death, along with the ordinary best-interests factors. *See Alma S. v. Dep't of Child Safety*, 245 Ariz. 146, 150–51 ¶ 13 (2018) (discussing best-interests inquiry). To be clear, we express no view on the merits of the best-interests question, which is for the superior court to reevaluate in the first instance.

## CONCLUSION

¶16 We stay Father's appeal and revest the juvenile court with jurisdiction to hold further proceedings consistent with this opinion. The Department must file a motion to lift the stay within five business days after the juvenile court makes a new best-interests finding. We will address any further due dates in the order lifting the stay.

