Argued January 3, affirmed January 19, 1966

# GARRATT-CALLAHAN COMPANY *v.* YOST

409 P. 2d 907

*Charles J. Strader,* Portland, argued the cause for appellant. With him on the briefs were Hicks, Tongue, Dale & Strader, Portland, and Carr, McClellan, Inger-

soll, Thompson & Horn and Luther M. Carr, Burlingame, California.

*James M. Burns,* Portland, argued the cause for respondents. With him on the brief were Benson, Whitely, McLennan & Burns, Peter A. Schwabe, Jr., and Francis I. Smith, Portland.

Before MCALLISTER, Chief Justice, and SLOAN, GOODWIN, HOLMAN and LUSK, Justices.

**SLOAN, J.**

Plaintiff is here attempting to enforce a restrictive covenant in an employment contract. Defendant was first employed as a "trainee salesman" by plaintiff in 1959. Later defendant signed a written contract which imposed the restriction that he would not engage in any competitive employment for a period of two years after his employment with plaintiff should terminate. The trial court held the contract to be unenforceable. Plaintiff appeals.

We have concluded that for all practicable purposes, the case is moot and we need not review the legal and factual problems presented. The covenant limited the restriction, if enforceable, to a period of two years from the date of termination of employment. Defendant was discharged from plaintiff's employ on January 20, 1964. His salary was apparently paid until the end of that month. At best, therefore, any order we would enter would only be effective until January 31, 1966. Such an order would, therefore, be literally useless. Courts do not enjoin conduct already committed. *Wiegand v. West,* 1914, 73 Or 249, 255, 144 P 481. Nor do courts enter orders that are academic,

*Smith v. Smith et al,* 1956, 209 Or 96, 98, 304 P2d 421, as a restraining order in this case would be.

■ Plaintiff also asked the court to use its equity power, aside from the terms of the contract, to restrain defendant. Plaintiff claims that defendant was using knowledge of its trade secrets gained during defendant's employment. There was evidence that plaintiff's alleged trade secrets, relating to the chemical treatment of water for industrial uses, was not secret at all. The same is true of plaintiff's customers. Anyone could have readily learned of potential users of the type of product and service rendered by plaintiff. See Section 757 Restatement, Torts, and comments. We agree with the trial court that plaintiff did not establish its right to injunctive relief.

Affirmed.