Argued July 21, reversed August 29, 1977

BATES, *Respondent,*
*v.*
DEPARTMENT OF MOTOR VEHICLES,
*Appellant.*
(No. A 76 06 08085, CA 7237)
568 P2d 686

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were James A. Redden, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Anthony A. Buccino, Portland, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Thornton and Tanzer, Judges.

TANZER, J.

**TANZER, J.**

This is an appeal from a circuit court decree which permanently enjoined the Motor Vehicles Division from notifying any police agency that plaintiff's driver's license had been suspended until the Division verified that plaintiff had received notice of the suspension. Plaintiff had sued for damages and injunctive relief. The damages claim was settled without an admission of liability for $250. The injunction followed.

Plaintiff's license was suspended by the Division, effective May 6, 1976, for failure to provide proof of future financial responsibility. ORS 486.211(2). Prior to May 6, the Division sent notice of the suspension to plaintiff by certified mail but it was never received. Pursuant to the general practice of the Division, police agencies throughout the state were informed of the suspension after it became effective.

On May 21, 1976, plaintiff was cited for driving with a suspended license. ORS 487.560. He apparently had no actual notice of the suspension prior to being cited. Thereafter, on June 18, 1976, notice of suspension was personally served upon plaintiff by a private process server. The charge of driving while suspended was ultimately dismissed upon the district attorney's motion.

The issue here is the propriety of granting permanent injunctive relief against the Motor Vehicles Division in this case. The trial court's finding that the Division acted improperly is not assigned as error and we assume it to be correct for purposes of this case. We hold that injunctive relief was not appropriate and therefore we reverse.

■ Injunctive relief is only available if there is not an adequate remedy at law. *Moreland Theatres v. M. P. Union,* 140 Or 35, 43, 12 P2d 333 (1932); *Wells Fargo & Co. v. Wall,* 1 Or 295 (1860); *see generally,* Dobbs, *Handbook of the Law of Remedies,* § 2.5 at 57 (1973).

[ 793 ]

Plaintiff suggests that the legal remedy is inadequate in this case for two reasons. First, a multiplicity of actions would result if plaintiff were required to sue for damages each time the Division acts as described above. Second, because of the nature of the harm suffered by plaintiff as a consequence of the Division's alleged misconduct, computation of monetary damages would be extremely difficult. Neither of these traditional grounds for equitable jurisdiction is established in this case.

██    While it is true that equity will act to prevent a multiplicity of actions, *see Eldridge et al v. Johnson,* 195 Or 379, 411, 245 P2d 239 (1952), there is no appreciable danger that subsequent proceedings will be required for plaintiff's vindication. The injunction affects only the conduct of the Division with respect to plaintiff; this is not a class action. The risk that plaintiff will repeatedly lose his license and suffer the same injury is insufficient to warrant equitable relief. An injunction only protects against future unlawful conduct. *See Garratt-Callahan Co. v. Yost,* 242 Or 401, 409 P2d 907 (1966). To qualify for injunctive relief the plaintiff must show that such conduct is probable or threatened. *McCombs et al v. McClelland,* 223 Or 476, 485, 354 P2d 311 (1960). No such showing has been made herein.

██    Moreover, the adequacy of the legal remedy must be determined in light of the equitable alternatives. *See* Dobbs, *Handbook of the Law of Remedies,* § 2.6 at 67 (1973). Since here there is no appreciable threat of continuing harm, injunctive relief is neither an effective nor desirable alternative to money damages.

There are other reasons why the injunction was erroneously issued, but these are sufficient for decision.

Reversed.