Argued and submitted May 28, 1982, appeal dismissed as moot January 12, 1983

INVENTORY AUDITORS, INC.,
*Respondent,*
*v.*
MILLER,
*Appellant.*
(No. A8003-01239; CA A21467)
656 P2d 393

Warner E. Allen, Portland, argued the cause for appellant. With him on the brief was Warren, Kirkman & Allen, Portland. With him on the reply brief was Stephen F. Mannenbach and Warren, Kirkman & Allen, Portland.

Craig T. Johnson, Lake Oswego, argued the cause for respondent. With him on the brief was Buckley & Johnson, P.C., Lake Oswego.

Before Thornton, Senior Judge, Presiding, and Warden and Van Hoomissen, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals from the decree of the trial court enjoining him from competing with plaintiff in the professional inventory business in Oregon until November, 1981. The parties on appeal debate the validity of the noncompetition agreement that plaintiff sought to enforce. We find the controversy to be moot and dismiss the appeal.

The noncompetition agreement provided that defendant would not compete with Inventory Auditors in Oregon for a period of two years from the date he terminated his employment. Defendant left plaintiff's employ in November, 1979. The injunction was entered by the trial court on June 26, 1981, and ordered that defendant not compete with plaintiff in Oregon until November 7, 1981. Although asked to do so by defendant, the trial court refused to stay the injunction pending appeal. The injunction, therefore, expired months before this case was argued before this court.

When an injunction against an employe who had agreed not to compete is denied, the controversy is moot on appeal, if the period of the agreed noncompetition has expired. *See Garratt-Callahan Co. v. Yost,* 242 Or 401, 409 P2d 907 (1966); *Professional Business Services v. Gustafson,* 285 Or 307, 590 P2d 729 (1979). Of course, if an issue of damages remains, the controversy is not moot. *See North Pacific Lumber Co. v. Oliver,* 286 Or 639, 596 P2d 931 (1979). There are no damage issues in this case, however. Plaintiff did not seek damages for defendant's wrongful competition. Defendant did file a counterclaim for unlawful restraint of trade, but the trial court ruled that there was no evidence to support that claim and defendant has not appealed that ruling.

In *Kelite Prod., Inc. v. Brand et al,* 206 Or 636, 294 P2d 320 (1956), the court held, in a fact situation similar to that presented here, that the case was not moot because the plaintiff had been required to provide a $1,000 undertaking. There is no indication that such an undertaking was required of plaintiff in this case, *see* ORCP 82A, or was there an award of attorney fees made below. *See Pacific N. W. Dev. Corp. v. Holloway,* 274 Or 367, 546 P2d 1063 (1976).

We see no legal issue remaining between the parties, nor do we see any way that a decision by this court would be other than academic. *See Garrett-Callahan Co. v. Yost, supra.*

Appeal dismissed as moot.