**TROPICANA PRODUCTS SALES, INC.,**
**Plaintiff–Appellant,**

v.

**PHILLIPS BROKERAGE COMPANY**
**and Dole Packaged Foods Company,**
**Defendants–Appellees.**

No. 89–7006.

United States Court of Appeals,
Eleventh Circuit.

June 13, 1989.

---

Winston & Strawn, R. Mark McCareins, and David S. Acker, Chicago, Ill., Hand, Arendall, Bedsole, Greaves & Johnston, M. Mallory Mantiply, Mobile, Ala., Tropicana Products Sales, Inc., Steven B. Gold, Gen. Counsel, Bradenton, Fla., for Tropicana Products Sales, Inc.

Bert S. Nettles, Nettles, Barker, Janecky & Copeland, PC, J. Stuart Wallace, Mobile, Ala., for Dole Packaged Foods Co.

Rives & Peterson, Edgar M. Elliott, Ill., and Richard E. Smith, Birmingham, Ala., for Phillips Brokerage Co.

Before JOHNSON and EDMONDSON, Circuit Judges, and TUTTLE, Senior Circuit Judge.

JOHNSON, Circuit Judge:

This case arises from the district court's denial of a motion by Tropicana Products Sales, Inc. ("Tropicana"), for a preliminary injunction enjoining Phillips Brokerage Co. ("Phillips") from representing the products of Dole Packaged Foods Co. ("Dole") based on Phillips' alleged breach of an exclusive distribution contract. We dismiss the appeal as moot.

---

## I. FACTS

Phillips distributes various products to Alabama supermarkets, including A-1 Steak Sauce, Ortega Mexican food, Welch's juices, V-8 juices, and Tropicana juices. In 1986, Tropicana and Phillips signed a distributorship contract that provided in part:

[Phillips] agrees it shall not represent directly or indirectly, or have any interest in, any entity which represents any products which compete with or are substitutes for [Tropicana's] Products. Products which compete with or are substitutes for the Products include but are not limited to, all 100% juice products whether frozen, ready to serve or in any other form, and any other products generally recognized by consumers to be alternatives to the Products.

The contract also provided that Phillips could be discharged without notice for breaching the agreement. The parties agreed that Phillips "shall not, directly or indirectly, in any form whatsoever, represent any products which compete with or are substitutes for the [Tropicana] Products for a ninety-day period commencing on the date [Phillips] is discharged."

On November 15, 1988, Phillips agreed to represent Dole juice products. Tropicana considered this a breach of the agreement. On December 20, 1988, Tropicana brought this action seeking to enjoin Phillips' representation of Dole until February 13, 1989.[1] Dole was allowed to intervene. The district court heard testimony and arguments of counsel on December 30, and ruled against Tropicana from the bench at the end of the hearing.

## II. DISCUSSION

Tropicana's Complaint for Injunctive Relief "seeks to enjoin defendant, Phillips, from promoting or representing any products which compete with or constitute a

1. February 13, 1989, is 90 days after Phillips' November 15, 1988, breach of the contract. The contract provided that Phillips need refrain only for 90 days after termination from representing competing products.

2. The complaint also asks that Phillips be enjoined from disclosing confidential information.

substitute for plaintiff's products *for a limited period commencing December 22, 1988 and ending February 13, 1989*" (emphasis added).[2] The only issue litigated below was Tropicana's motion for a preliminary injunction to expire on February 13. Phillips and Dole argue that because this appeal was heard on March 21, 1989, more than five weeks after the end-date of the requested injunction, this appeal is moot.

Article III of the Constitution requires that a federal court decide only a dispute which constitutes a "Case or Controversy." This Court has recognized that "[a] case is moot when the issues are no longer 'live' or when the parties have no 'legally cognizable interest' in the outcome of the litigation." *Westmoreland v. National Trans. Safety Bd.*, 833 F.2d 1461, 1462–63 (11th Cir.1987) (citing *Murphy v. Hunt*, 455 U.S. 478, 481, 102 S.Ct. 1181, 1183, 71 L.Ed.2d 353 (1982)). This Court has consistently held that an appeal from the denial of a motion for preliminary injunction is mooted when the requested effective end-date for the preliminary injunction has passed. *See, e.g., Hogan v. Mississippi Univ. for Women*, 646 F.2d 1116, 1117 (5th Cir. Unit A June 5, 1981) (denial of preliminary injunction for duration of spring semester mooted when appeal was heard at the end of spring semester); *DeSimone v. Linford*, 494 F.2d 1186, 1187 (5th Cir.1974) (denial of preliminary injunction for duration of administrative proceedings mooted when administrative proceedings terminated before the appeal was heard) (collecting cases); *see also Doe v. Marshall*, 622 F.2d 118, 119 (5th Cir.), *cert. denied*, 451 U.S. 993, 101 S.Ct. 2336, 68 L.Ed.2d 855 (1980) (graduation of student mooted appeal).

Tropicana argues that the appeal is not moot because effective relief could be granted by this Court. In support it submits the Florida case of *Xerographics, Inc.*

Phillips agreed not to disclose any of Tropicana's proprietary information to Dole, so that issue was not litigated. The complaint does not seek money damages or a permanent injunction, although it does ask the court to "grant such further and additional relief as this Court deems just and meet in the premises."

*v. Thomas,* 537 So.2d 140 (Fla.Dist.Ct.App. 1988).[3] In *Xerographics,* the court heard an appeal from a trial on the merits of an employer's suit seeking to enforce a non-compete agreement against an ex-employee. The trial court held that enforcing the one-year non-compete clause contained in the employment contract would be oppressive. The appellate court reversed on the merits and ordered the trial court to enter a one-year injunction to start on the day of the entry of judgment—even though more than one year had passed since the ex-employee breached his contract. Under *Xerographics,* Tropicana may have a substantive right under Florida law to an injunction of the length specified in its contract with Phillips (90 days) to begin upon entry of final judgment if it prevails at a *trial on the merits* or on appeal therefrom.[4] *Xerographics* does not stand for the proposition that the denial of a *preliminary injunction* is not mooted by the passing of the specific end-date of the requested preliminary relief.

As in *Xerographics,* this Court has been willing after a trial on the merits to extend injunctive relief beyond the period of time which might be established under the literal terms of a disputed contract. In *Premier Indus. Corp. v. Texas Indus. Fastener Co.,* 450 F.2d 444 (5th Cir.1971), for example, the Court considered what relief would be appropriate in a restrictive covenant case when the terms of the agreement itself would have limited an injunction to a period ending only several months after the date of the appeal. The Court held, "It would be pointless to affirm the court below, only to have that court's relief terminate in January, 1972, a few months hence. We therefore sustain appellee's right to enjoyment of its injunctive relief for a *meaningful period of time.*" *Id.* at 448 (emphasis added). *Premier* indicates that if Tropicana were to prevail at trial, it might be entitled to "meaningful" injunc-

tive relief. Both *Xerographics* and *Premier* are appeals from final judgments on the merits. Neither discusses, nor needs to discuss, mootness. They demonstrate that Tropicana's *claim on the merits* is not mooted by the 90–day durational limit set forth in its agreement with Phillips. However, they do not save Tropicana's *appeal* from its motion for a preliminary injunction from being dismissed as moot. *See University of Texas v. Camenisch,* 451 U.S. 390, 394, 101 S.Ct. 1830, 1833, 68 L.Ed.2d 175 (1981) ("This, then, is simply another instance in which one issue in a case has become moot, but the case as a whole remains alive because other issues have not become moot."). The express limitation Tropicana's motion set for itself has divested this Court of jurisdiction over the appeal.

Tropicana tries to shoehorn this case into the "capable of repetition and yet evading review" exception to the mootness doctrine. *See Nebraska Press Ass'n v. Stuart,* 427 U.S. 539, 546–47, 96 S.Ct. 2791, 2796–97, 49 L.Ed.2d 683 (1976) (appeal from gag order not mooted by termination of order where precise issue was likely to reoccur in an unreviewable posture). The *Nebraska Press* exception has no application to this case because the merits of Tropicana's breach of contract claim need not "evade review." Although Tropicana failed to ask for damages or equitable relief beyond February 13, 1989, the trial court still has the opportunity to address the merits. Tropicana asked for "such further and additional relief" as the district court deems necessary. Tropicana may still amend its complaint to include a damages claim. If the merits "evade review," it will only be because of the manner in which Tropicana chose to draft its complaint. No court has

---

3. Although Florida law does not control the federal constitutional question of mootness, Tropicana asserts that Florida law grants it a substantive right to relief which presents a "live" controversy to this Court.

4. Tropicana did *not* ask for a 90–day preliminary injunction; it asked for a preliminary injunction to end February 13, 1989.

been irretrievably denied the opportunity to address the merits of Tropicana's claim.

### III.  CONCLUSION

While noting we take no position on the merits of Tropicana's case, for the foregoing reasons we must DISMISS this appeal as moot.