**Matthew D. HODGES, Plaintiff–Appellee,**

v.

**SCHLINKERT SPORTS ASSOCIATES, INC.; Tom Schlinkert, Defendants–Appellants.**

No. 95–1558.

United States Court of Appeals,
Sixth Circuit.

Argued June 6, 1996.

Decided July 18, 1996.

Lawrence J. Acker (argued), Cheatham, Acker & Sharp, West Bloomfield, MI, Barbara F. Klarman, Tilchin, Hall, Farmington Hills, MI, James G. Gross (briefed), Gross, Nemeth & Silverman, Detroit, MI, for Plaintiff–Appellee.

Richard E. Segal, Mark D. Goldman (briefed), Segal Goldman, West Bloomfield, MI, James S. Ward (argued and briefed), Corley, Moncus & Ward, Birmingham, AL, for Defendants–Appellants.

Before: KENNEDY and NORRIS, Circuit Judges; MATIA,* District Judge.

KENNEDY, Circuit Judge.

Defendants, Schlinkert Sports Associates ("SSA") and its president, Tom Schlinkert, appeal the denial of their motion for a preliminary injunction to enforce a noncompete clause in plaintiff's contract, arguing that the District Court erred in its conclusion that they were unlikely to succeed on the merits of their action. We DISMISS the appeal as moot.

## I. Facts

Defendant SSA, an Alabama corporation, is in the business of selling sporting goods and sports clothing as a representative for various vendors and manufacturers. In 1987, SSA hired plaintiff, Matthew Hodges, as a sales agent. At that time, and in each succeeding year during plaintiff's employment, SSA and plaintiff executed Independent Sales Representative Contracts. The last contract that plaintiff executed (the "Contract"), like previous ones, contained a noncompete clause that provided that:

> for a period of *one (1) year* after the termination of this Agreement for any reason, Agent shall not, directly or indirectly, engage, individually or as an officer, director, employee, consultant, advisor, partner or co-venturer, or as a stockholder or other proprietor, or owning, directly or indirectly, a beneficial interest of more than one per cent (1%) in any firm, corporation or other organization, in any enterprise which is competitive with that of the Company within the then current trade area of the Company.

(Emphasis added.) The parties agree that the interpretation of the Contract is governed by Alabama law.

From 1991 until April 1994, while employed by SSA, plaintiff represented JanSport, a manufacturer of athletic and outdoor apparel and camping equipment, in the midwest. On April 7, 1994, however, JanSport terminated its relationship with SSA in that territory. On April 16, 1994, plaintiff terminated his employment with SSA. Shortly thereafter, plaintiff began directly representing JanSport in the same area in which he had previously worked as an SSA sales agent.

Plaintiff filed this suit against SSA seeking a declaratory judgment that the Contract's noncompete clause was unenforceable. SSA counterclaimed alleging that plaintiff breached his employment contract and requesting injunctive relief to enforce the Contract's noncompete clause. Defendants moved for a preliminary injunction to enforce the noncompete clause pending the outcome of this litigation. The District Court concluded that

* The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation.

defendants were unlikely to succeed on the merits of their action and, thus, denied a preliminary injunction. Defendants appeal from that denial.

## II. Discussion

■ Before addressing the question of whether the District Court abused its discretion in denying defendants a preliminary injunction, we must decide whether the question of preliminary injunctive relief has become moot. Article III of the Constitution limits the " 'judicial power' of the United States to the resolution of 'cases' and 'controversies.' " *Valley Forge Christian College v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471, 102 S.Ct. 752, 757, 70 L.Ed.2d 700 (1982). A case becomes moot " 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.' " *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 396, 100 S.Ct. 1202, 1208, 63 L.Ed.2d 479 (1980) (quoting *Powell v. McCormack*, 395 U.S. 486, 496, 89 S.Ct. 1944, 1951, 23 L.Ed.2d 491 (1969)).

■ An appeal from the denial of a motion for preliminary injunction is mooted when the requested time period for the injunction has passed. *American Tunaboat Ass'n v. Brown*, 67 F.3d 1404, 1407 (9th Cir.1995); *Tropicana Prods. Sales, Inc. v. Phillips Brokerage Co.*, 874 F.2d 1581, 1582 (11th Cir. 1989). In *Tropicana Prods. Sales, Inc.*, the plaintiff appealed the district court's denial of a motion for a preliminary injunction where the relief requested was to expire on February 13, 1989. The appeal was argued several weeks after the end-date of the requested injunction period. *Id.* at 1582. Because the effective period of the preliminary injunction had expired, the court concluded that it could not grant effective relief and dismissed the appeal as moot. *Id.* at 1583.

■ The noncompete provision at issue in this case prohibited plaintiff from working for an SSA competitor for one year after his employment terminated. By its terms, that provision expired on April 16, 1995, one year after plaintiff's April 1994 termination from defendants' employment. Under the general rule of mootness, defendants' claim to enforcement of the noncompete clause is moot since that provision expired by its own terms; the question is no longer live because even a favorable decision would not entitle defendants to plaintiff's noncompetition now. For that reason, defendants no longer have a legally cognizable interest in this appeal from the District Court's denial of the preliminary injunction.

Defendants, however, argue that their appeal is not moot because, even though the terms of the noncompete clause have expired, it is not beyond the court's power to fashion an equitable remedy by extending the term of noncompetition for a period of one year from the issuance of the injunction. Alabama law appears to permit its trial courts to award equitable relief after trial by extending the operation of a noncompetition clause beyond its expiration date in response to a request for general equitable relief. *See Tyler v. Eufaula Tribune Publishing Co., Inc.*, 500 So.2d 1005, 1008 (Ala.1986).

Defendants have requested general equitable relief in their complaint. If defendants prevail at a trial on the merits, and injunctive relief, as opposed to damages or in addition to damages, is warranted, defendants may have a right under Alabama law to an injunction that could be effective after the time specified in the Contract. The question of what relief is available then, however, is not before us.

The only issue before us on appeal is the denial of defendants' motion for a preliminary injunction that requested only enforcement of the terms of the Contract. The noncompete clause has now expired by its own terms. This Court is thus divested of jurisdiction over the appeal. Accordingly, we dismiss this appeal as moot.

## III. Conclusion

For the reasons stated, this appeal is DISMISSED as moot.