[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 22, 2010
JOHN LEY
CLERK

No. 09-13683
Non-Argument Calendar
_____

D. C. Docket No. 08-00484-CV-T-33-MSS

ERIC A. BARKER,

Plaintiff-Appellant,

versus

R.T.G. FURNITURE CORP.,
d.b.a. Rooms To Go,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(April 22, 2010)

Before CARNES, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiff Eric A. Barker (Barker) appeals the district court's grant of

summary judgment in favor of Defendant Rooms to Go (RTG) in his suit alleging interference and retaliation in violation of the Family and Medical Leave Act (FMLA) of 1993, 29 U.S.C. §§ 2601 - 2654. Barker alleged that RTG, his former employer, (1) interfered with his attempt to become qualified for intermittent leave and (2) retaliated against him by transferring and then firing him because of his need to take leave under the FMLA for depression and anxiety.

We review a district court's grant of summary judgment *de novo*. *Thomas v. Cooper Lighting, Inc.*, 506 F.3d 1361, 1363 (11th Cir. 2007). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and compels judgment as a matter of law. *Id.* "There is no genuine issue of material fact if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to that party's case and on which the party will bear the burden of proof at trial." *Jones v. Gerwens*, 874 F.2d 1534, 1538 (11th Cir. 1989). "Genuine disputes are those in which the evidence is such that a reasonable jury could return a verdict for the non-movant." *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (internal quotation marks omitted).

Under the FMLA, eligible employees are entitled to up to 12 workweeks of unpaid leave during any 12-month period for "a serious health condition that

makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). According to federal regulations, "an employee is unable to perform the functions of the position where the health care provider finds that the employee is unable to work at all or is unable to perform any one of the essential functions of the employee's position." 29 C.F.R. § 825.123(a) (2009) (internal quotation marks omitted). A "serious health condition" denotes "an illness, injury, impairment, or physical or mental condition that involves – (A) inpatient care in a hospital . . . or (B) continuing treatment by a health care provider." 29 U.S.C. § 2611(11). A serious health condition involving continuing treatment by a health care provider includes "chronic conditions," which are defined as "[a]ny period of incapacity or treatment for such incapacity due to a chronic serious health condition" that:

> (1) Requires periodic visits (defined as at least twice a year) for treatment by a health care provider, or by a nurse under direct supervision of a health care provider;
> (2) Continues over an extended period of time (including recurring episodes of a single underlying condition); and
> (3) May cause episodic rather than a continuing period of incapacity (e.g., asthma, diabetes, epilepsy, etc.).

29 C.F.R. § 825.115(c). "[I]ncapacity means inability to work . . . or perform other regular daily activities due to the serious health condition, treatment therefore, or recovery therefrom." *Id.* § 825.113(b). The FMLA prohibits employers from

3

interfering with any rights guaranteed under the Act. 29 U.S.C. § 2615(a).

We have recognized that "§ 2615(a) creates two types of claims: interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act, and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in activity protected by the Act." *Hurlbert v. St. Mary's Health Care Sys., Inc.*, 439 F.3d 1286, 1293 (11th Cir. 2006) (internal quotation marks omitted). "Interference and retaliation claims both require the employee to establish a serious health condition." *Russell v. N. Broward Hosp.*, 346 F.3d 1335, 1340 (11th Cir. 2003). To establish an interference claim, an employee must demonstrate by a preponderance of the evidence that he was denied a benefit to which he was entitled under the FMLA. *Hurlbert* 439 F.3d at 1286. "The employee need not allege that his employer intended to deny the benefit – the employer's motives are irrelevant." *Id.* (internal quotation marks omitted). "When evaluating a claim of retaliation under the FMLA, in the absence of direct evidence of discrimination on the part of the employer, we apply the burden-shifting framework established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973)." *Brungart v. BellSouth Telecomm., Inc.*, 231 F.3d 791, 798 (11th Cir. 2000). To establish a *prima facie* retaliation claim, an

employee must demonstrate that: (1) he engaged in statutorily protected activity; (2) he suffered an adverse employment decision; and (3) the adverse decision and the protected activity share a causal connection. *Hurlbert*, 439 F.3d at 1297. "If the plaintiff makes out a *prima facie* case, the burden then shifts to the defendant to articulate a legitimate reason for the adverse action. *Id.* "If the defendant does so, the plaintiff must then show that the defendant's proffered reason for the adverse action is pretextual." *Id.* "To show pretext, a plaintiff must come forward with evidence, including the previously produced evidence establishing the *prima facie* case, sufficient to permit a reasonable factfinder to conclude that the reasons given by the employer were not the real reasons for the adverse employment decision." *Id.* (internal quotation marks omitted).

Barker's interference and retaliation claims both fail because he has failed to introduce sufficient evidence to create a genuine issue of material fact as to whether he suffered from a serious health condition. It is undisputed that Barker visited Dr. Parekh, and that Dr. Parekh prescribed medication to treat Barker's anxiety. But beyond that, the only additional evidence produced by Barker purporting to establish a serious health condition is his own testimony that, on a few occasions, his anxiety caused him to take short breaks from his work. There is, however, no evidence of any incapacity on Barker's part. At most, Barker's

5

testimony demonstrates that on a few occasions he had to take brief breaks at work. Barker describes his worst episode as requiring him to take a one hour break; however, he attributes that episode to needing a change in medication and does not claim recurring episodes from that cause. Moreover, Barker never alleges that he was unable to complete his work. Instead, he alleges that he always performed his job well. Barker does not introduce any medical testimony demonstrating any incapacity, and in fact, Dr. Parekh testifies that he did not believe that Barker was incapacitated and did not advise him to stop working. In the absence of evidence of any inability to work or perform the functions of his job, Barker has not introduced sufficient evidence to create a genuine issue of material fact as to whether he suffers from a serious health condition.

Both retaliation and interference claims require a plaintiff to establish a serious health condition. *Russell*, 346 F.3d at 1340. Because there is no genuine issue of material fact as to whether Barker suffered from a serious health condition, the district court did not err in granting RTG summary judgment on Barker's interference and retaliation claims under the FMLA. Accordingly, we affirm grant of summary judgment in favor of RTG.

AFFIRMED.