11-2363-cv
Aladdin Capital Holdings LLC v. Donoyan

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of September, two thousand eleven.

PRESENT:

DEBRA ANN LIVINGSTON,
DENNY CHIN,
RAYMOND J. LOHIER, JR.,

*Circuit Judges*.

_____

ALADDIN CAPITAL HOLDINGS LLC,

*Plaintiff-Appellant*,

-v.-                                                          No. 11-2363-cv

HARUMI AOTO DONOYAN,

*Defendant-Appellee*.

_____

DANIEL L. SCHWARTZ, Day Pitney LLP, Stamford, CT, *for Plaintiff-Appellant*.

PATRICIA REILLY (Matthew K. Curtin, *on the brief*), Littler Mendelson, New Haven, CT, *for Defendant-Appellee*.

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the appeal be DISMISSED AS MOOT.

Plaintiff-Appellant Aladdin Capital Holdings LLC ("Aladdin") appeals from a Ruling and Order of the United States District Court for the District of Connecticut (Kravitz, *J.*) denying Aladdin's motion for a preliminary injunction. Aladdin filed a complaint alleging that Defendant-Appellee Harumi Aoto Donoyan ("Donoyan") breached certain post-employment restrictive covenants that she entered into with Aladdin. Aladdin sought declaratory and injunctive relief and filed a motion for a preliminary injunction contemporaneously with its complaint. The district court issued its Ruling and Order denying Aladdin's motion on June 8, 2011. Aladdin timely filed a notice of appeal. We assume the parties' familiarity with the underlying facts and procedural history.

* * *

We must first address whether we have Article III jurisdiction and resolve an issue of mootness. *See Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 509 (2d Cir. 2005); *see also United States v. Miller*, 263 F.3d 1, 4 n.2 (2d Cir. 2001) ("[A] federal court may not . . . decide a case on the merits before resolving whether the court has Article III jurisdiction."). We have repeatedly observed that, "in general, an appeal from the denial of a preliminary injunction is mooted by the occurrence of the action sought to be enjoined." *Moore*, 409 F.3d at 509 (internal quotation marks omitted); *see also Knaust v. City of Kingston*, 157 F.3d 86, 88 (2d Cir. 1998). We have further recognized a limited exception to this rule "where a court can feasibly *restore* the status quo" by ordering relief that "negate[s] or at least substantially mitigate[s] the adverse effects . . . of the 'irreparable harms' the plaintiff fears." *Moore*, 409 F.3d at 509-10.

Here, Aladdin sought only to enforce the restrictive covenants during the pendency of this litigation and thus preliminarily to enjoin Donoyan from "*further* violations of those obligations."

2

J.A. at 20-21, 24-25 (emphasis added). Aladdin asserted that "Donoyan's *continued violations* of [the] . . . covenants" would cause it to suffer "irreparable harm to its business relationships and opportunities with its customers" while this litigation was pending. J.A. at 21 (emphasis added). Those covenants, however, have now expired by their own terms; their restrictions on Donoyan's activities are now lifted. As a result, the alleged "continued violations of [the] . . . covenants" are no longer continuing: they have already occurred. *See Hodges v. Schlinkert Sports Assocs., Inc.*, 89 F.3d 310, 312 (6th Cir. 1996) ("Under the general rule of mootness, . . . [the] claim to enforcement of the noncompete clause is moot since that provision expired by its own terms."); *cf. Am. Tunaboat Ass'n v. Brown*, 67 F.3d 1404, 1407 (9th Cir. 1995) (holding that the "appeal of the district court's denial of its application for a preliminary injunction is moot" because the regulation sought to be enjoined was no longer in effect).

Thus, even assuming *arguendo* that the district court had the authority to grant injunctive relief as a *remedy* in this diversity case – a matter the parties dispute – it is no longer possible to grant *preliminary* relief enjoining the violation of these covenants, which have, by their own terms, expired.[1] We are not persuaded, moreover, that such preliminary relief would restore or "preserve the status quo pending the final determination of [this] dispute," *Arthur Guinness & Sons, PLC v. Sterling Publ'g Co.*, 732 F.2d 1095, 1099 (2d Cir. 1984). Accordingly, this appeal is hereby DISMISSED AS MOOT.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[1] In so concluding, we only determine whether the *preliminary* relief sought by Aladdin is available under these circumstances; we do not reach the separate question whether Aladdin might obtain final equitable relief after a trial on the merits.