**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| OCEAN BEAUTY SEAFOODS, LLC, an Alaska limited liability company, and MICHAEL COULSTON, an individual,<br><br>        Plaintiffs -counter-defendants Appellees,<br><br>  v.<br><br>PACIFIC SEAFOOD GROUP ACQUISITION COMPANY, INC., an Oregon corporation, d/b/a Pacific Seafood Group, and DULCICH, INC., d/b/a Pacific Seafood Group, an Oregon corporation,<br><br>        Defendants -counter-claimant-Appellants. | No. 14-35950<br><br>D.C. No. 2:14-cv-01072-RSM<br><br>MEMORANDUM* |

On Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Argued and Submitted May 5, 2015
Seattle, Washington

---

     *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Before: FARRIS, and GOULD Circuit Judges, and BLOCK, District Judge.[**]

This is an appeal from the district court's denial of a preliminary injunction motion brought by Pacific Seafood Group Acquisition Company, Inc. ("Pacific Seafood"). Pacific Seafood sought to enjoin a former employee, Michael Coulston ("Coulston"), from working for Ocean Beauty Seafoods, LLC ("Ocean Beauty") under a non-compete clause (the "Non-Compete Clause"). Pacific Seafood also appeals the district court's denial of its motion to supplement the record. We have jurisdiction under 28 U.S.C. § 1292(a)(1). We vacate and remand.

**1.** We review a district court's denial of a preliminary injunction motion for abuse of discretion. *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1286 (9th Cir. 2013). We review a district court's legal conclusions de novo and its findings of fact for clear error. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011). A district court abuses its discretion when it bases its decision on an erroneous legal standard or a clearly erroneous finding of fact. *Id.*

The district court committed factual and legal errors in finding that Pacific Seafood was not likely to succeed in enforcing the Non-Compete Clause under Oregon law. The district court first held that the Non-Compete Clause was likely unenforceable because it encompassed an overly broad territory. In making this

[**] The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

2

determination, the district court noted that Coulston worked "primarily [in] the Clackamas County area of Oregon State, and potentially the Puget Sound area of Washington." However, record evidence shows that Coulston actually worked in Pacific Seafood's "Clackamas Region," which includes "Oregon, southwest Washington, northern California and Boise, Idaho." As such, the district court misapprehended the scope of the area in which Coulston worked in finding that the Non-Compete Clause was likely unenforceable due to geographic overbreadth. Moreover, even if the Non-Compete Clause covered an overly broad territory, that does not automatically render it unenforceable under Oregon law. *See Lavey v. Edwards*, 505 P.2d 342, 344 (Or. 1973).

The district court next found that Pacific Seafood had failed to show a "legitimate interest" that would satisfy Oregon's common law requirements for restraints on trade. *Nike, Inc. v. McCarthy*, 379 F.3d 576, 584 (9th Cir. 2004). This finding was inconsistent with its earlier conclusion that Pacific Seafood had a "protectable interest" under Oregon's statutory criteria for noncompetition agreements in information Coulston had about its "marketing plans and product allocation." O.R.S. § 653.295(c). The district court also made a factual error in distinguishing *McCarthy* on the ground that the instant case involves only commodities and not

3

branded products, as there is evidence that the parties sell branded products.

Finally, the district court noted that the Non-Compete Clause was likely unenforceable because of "drafting problems." In making this determination, the district court found that Coulston's 2014 offer letter (the "Offer Letter") did not condition his promotion to Assistant General Manager on the Non-Compete Clause. The record belies this finding. Coulston's 2011 employment agreement had a "Standard Terms and Conditions" section that contained the Non-Compete Clause, and the Offer Letter stated that Coulston's promotion was "subject to all standard terms and conditions of employment with [Pacific Seafood]."

The district court also made a legal error when it held that Pacific Seafood failed to establish a likelihood of irreparable harm because it did not show evidence of actual harm. *See Diamontiney v. Borg*, 918 F.2d 793, 796 (9th Cir. 1990).

**2.** The district court further erred when it denied Pacific Seafood's motion to supplement the record with Ocean Beauty's discovery responses. We review the district court's denial of the motion to supplement the record for abuse of discretion. *E.E.O.C. v. Peabody W. Coal Co.*, 773 F.3d 977, 982 (9th Cir. 2014).

The district court stated that it denied the motion to supplement the record because it did not need additional evidence to consider the preliminary injunction

motion, and simultaneously denied the preliminary injunction motion for lack of evidence. The incongruity is compounded by the fact that some of the excluded documents – particularly Coulston's resume and the "National Sales Manager" job description – were highly relevant to the issues the district court weighed in denying the preliminary injunction. Considering that Pacific Seafood timely moved to supplement the record the day after it received Ocean Beauty's discovery responses and fifty-four days before oral argument on the preliminary injunction, the district court's denial of the motion to supplement the record was an abuse of discretion.

**3.** Because the district court relied on clearly erroneous findings of fact and failed to consider the documents in the motion to supplement the record, the matter must be remanded to the district court for reconsideration of the preliminary injunction motion.[1] *See Arc of California v. Douglas*, 757 F.3d 975, 992 (9th Cir. 2014) ("Where the propriety of an injunction raises intensely factual issues, the matter should be decided in the first instance by the district court.") (internal alteration and citation omitted). Notably, a covenant not to compete is not satisfied by a mere promise to refrain from soliciting a former employer's customers and disclosing its confidential information.

---

[1] If the district court grants preliminary injunctive relief, it should consider whether the noncompete term may be equitably extended under Oregon law.

**VACATED AND REMANDED.**