OCEAN BEAUTY SEAFOODS, LLC, an Alaska limited liability company; Michael Coulston, an individual, Plaintiffs–Counter–Appellees,

v.

PACIFIC SEAFOOD GROUP ACQUISITION COMPANY, INC., an Oregon corporation, d/b/a Pacific Seafood Group, d/b/a Pacific Seafood Group Inc, Defendant–Counter–Claimant–Appellant,

Dulcich, Inc., Intervenor–Defendant–Appellant.

No. 15–35608.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 1, 2016.

Filed April 18, 2016.

Joshua D. Brittingham, Marcia P. Ellsworth, Esquire, David C. Kelly, Peterson Russell Kelly, PLLC, Bellevue, WA, for Plaintiff–Counter–Defendant–Appellee.

Bruce L. Campbell, Portland, OR, James L. Phillips, Miller Nash Graham & Dunn, LLP, Seattle, WA, for Defendant–Counter–Claimant–Appellant.

Before: GOULD and FARRIS, Circuit Judges, and BLOCK, District Judge.*

## MEMORANDUM **

Michael Coulston breached an agreement not to compete with his former employer, Pacific Seafood Group Acquisition Company, Inc., by accepting employment with Ocean Beauty Seafoods, LLC. The district court denied Pacific Seafood's motion for a preliminary injunction enforcing the agreement, and Pacific Seafood appealed. We vacated and remanded. *See Ocean Beauty Seafoods, LLC v. Pacific Seafood Grp. Acquisition Co.*, 611 Fed. Appx. 385 (9th Cir.2015). The district court again denied preliminary injunctive relief, and Pacific Seafood again appealed. For the reasons set forth below, we conclude that Pacific Seafood is entitled to the requested injunction.

First, Pacific Seafood has established a likelihood of success in enforcing the agreement. As we previously held, an overly broad territorial limitation does not automatically make an agreement not to compete unenforceable. Rather, the Oregon Supreme Court has said the agreement "will be interpreted, if possible, so as to make the extent and character of its operation reasonable." *Lavey v. Edwards*, 264 Or. 331, 505 P.2d 342, 344 (1973). In addition, Oregon law endorses reformation

---

* The Honorable Frederic Block, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

if necessary to make a noncompete agreement reasonable in scope. *See Eldridge v. Johnston,* 195 Or. 379, 245 P.2d 239, 253 (1952) (restricting agreement covering Oregon and Washington to four Oregon counties). Therefore, we assess the agreement in light of Pacific Seafood's proposal to limit the geographic scope of the injunction to its "Clackamas Region" and a 100–mile radius from Mukilteo, Washington. Furthermore, rather than rely on a stale record, we assess the agreement based on the record as developed on remand, which included a supplemental declaration from Coulston.

Coulston's supplemental declaration establishes that he spent at least ten months of the one-year noncompete period as Ocean Beauty's "General Manager–Seattle Distribution." Having compared the responsibilities of that job with Coulston's duties at Pacific Seafood, we conclude that there was a "substantial risk" that Coulston could use proprietary information he acquired at Pacific Seafood to "divert all or part of the employer's business." *Nike, Inc. v. McCarthy,* 379 F.3d 576, 586 (9th Cir.2004) (citing *Volt Servs. Group v. Adecco Emp't Servs., Inc.,* 178 Or.App. 121, 35 P.3d 329, 334 (2001)). It is well-established that a noncompete agreement is a reasonable means of protecting against such a risk. *See id.* (citing *Cascade Exch., Inc. v. Reed,* 278 Or. 749, 565 P.2d 1095, 1097 (1977), *North Pac. Lumber Co. v. Moore,* 275 Or. 359, 551 P.2d 431, 434 (1976), and *Kelite Prods., Inc. v. Brandt,* 206 Or. 636, 294 P.2d 320, 322–23 (1956)). We repeat that *McCarthy* is not distinguishable based on differences in the industries involved, *see Ocean Beauty,* 611 Fed.Appx. at 386, and add that the risk at issue goes beyond direct solicitation of customers and explicit disclosure of confidential information. *See McCarthy,* 379 F.3d at 586.

The argument that the agreement is likely not enforceable due to "drafting problems" was foreclosed by the prior appeal. We adhere to our holding that the agreement was one of the "standard terms and conditions of employment" referred to in the 2014 letter offering Coulston the position of assistant general manager. *See Ocean Beauty,* 611 Fed.Appx. at 386.

■ Pacific Seafood has also established a likelihood of irreparable harm. We previously held that a showing of actual harm was not required, and the district court complied with our mandate in that regard. However, its concept of the relevant harm remained too narrow. An enforceable noncompete agreement affords fair protection to a legitimate interest of the former employer. Thus, a breach of the agreement occasions harm. Because the harm is intangible and difficult to quantify, it qualifies as irreparable. *See Rent–A–Center, Inc. v. Canyon Television & Appliance Rental, Inc.,* 944 F.2d 597, 603 (9th Cir. 1991). The harm cannot be speculative, of course, *see Caribbean Marine Servs. Co. v. Baldrige,* 844 F.2d 668, 674 (9th Cir.1988), but Coulston's employment with Ocean Beauty is clearly not speculative.

■ The irreparable harm to Pacific Seafood alters the balance of equities in its favor. The proposed injunction imposes a burden on Coulston, but it does not bar him from working in his area of expertise, or even from working for Ocean Beauty outside of the designated regions. In addition, the risk of lost income can be mitigated by requiring Pacific Seafood to post a bond "to pay the costs and damages sustained by any party found to have been wrongfully enjoined." Fed.R.Civ.P. 65(c).

■ We agree with the district court that the public interest does not weigh heavily in this case. The interests at stake are primarily private, and what pub-

lic interest there is incorporates competing policies: The freedom to pursue one's chosen occupation is in tension with freedom of contract, and the advocate of competition must grapple with the argument that noncompete agreements are economically advantageous because they protect costly investments. Oregon law reflects a balancing of these policies. *See Eldridge*, 245 P.2d at 250–52 (discussing policy considerations). Having held that Coulston's agreement with Pacific Seafood likely comports with that law, we also conclude that an injunction enforcing it is not antithetical to any public interest.

The one-year period specified in the agreement has, of course, expired. In *Garratt-Callahan Co. v. Yost*, 242 Or. 401, 409 P.2d 907 (1966), the Oregon Supreme Court declined to address the enforceability of a noncompete agreement that would have expired twelve days after the court's decision. *See id.* at 908. It also denied a request to enjoin the defendant as a matter of equity. *See id.* Importantly, however, the court did not hold that it lacked authority to equitably extend the noncompete period, only that the "plaintiff did not establish its right to injunctive relief." *Id.* We infer from this that Oregon law follows the rule—explicitly recognized in many other jurisdictions—that a court sitting in equity "may devise a remedy that extends or exceeds the terms of a prior agreement between the parties if it is necessary to make the injured parties whole." *Levitt Corp. v. Levitt*, 593 F.2d 463, 469 (2d Cir. 1979).

We further conclude that the circumstances of this case warrant an equitable extension. A short noncompete term inures to the former employee's benefit; the employee should not then be allowed to avoid the term altogether through dilatory tactics, or even just by taking advantage of the delays incident to litigation. *See Pres-*

*to-X Co. v. Ewing*, 442 N.W.2d 85, 90 (Iowa 1989) ("Even if [the former employee] did not intend any undue delay, it would be unfair for him to benefit from the normal delays of the judicial process."); *Roanoke Eng'g Sales Co. v. Rosenbaum*, 223 Va. 548, 290 S.E.2d 882, 886 (1982) ("The question before the court is whether [the former employee] is able, by his breach of his agreement, not only to reap the profits of his breach but also to render the judicial system impotent to redress it, simply by forcing the other party to go through lengthy litigation to obtain relief. We answer this in the negative."). And unlike the employer in *Economics Laboratory, Inc. v. Donnolo*, 612 F.2d 405, 408 (9th Cir.1979), Pacific Seafood acted promptly to enforce its rights.

Our conclusion that an equitable extension is warranted relieves some of the urgency that, in other cases, has motivated us to grant injunctive relief on appeal. *See, e.g., Institute of Cetacean Research v. Sea Shepherd Conservation Soc.*, 725 F.3d 940, 947 (9th Cir.2013). Instead, we remand with instructions that the requested injunction be granted. This course of action will vest jurisdiction over the injunction and its enforcement in the district court, which already has jurisdiction over the remainder of the case.

In sum, we vacate the district court's order denying Pacific Seafood's motion for a preliminary injunction. We remand with instructions to forthwith enter an injunction barring Coulston from working for Ocean Beauty in either Pacific Seafood's "Clackamas Region" (defined as Oregon, southwest Washington, northern California and Boise, Idaho) or within a 100–mile radius from Mukilteo, Washington. The injunction shall run for a period of one year from the date of entry, and may, in the district court's discretion, be contingent on the posting of a bond or other

security. *See Barahona–Gomez v. Reno,* 167 F.3d 1228, 1237 (9th Cir.1999) (construing Rule 65(c) "as investing the district court with discretion as to the amount of security required, if any"). Pacific Seafood's request to reassign the case on remand is addressed in an order issued contemporaneously with this memorandum. Costs are awarded against Ocean Beauty.

## VACATED AND REMANDED WITH INSTRUCTIONS.

FARRIS, Circuit Judge, dissenting:

In my view, the district court did not abuse its discretion in finding that an equitable extension of the noncompete agreement was unwarranted. Since the agreement not to compete expired by its own terms, no preliminary relief should issue. *See Aladdin Capital Holdings, LLC v. Donoyan,* 438 Fed.Appx. 14, 16 (2d Cir.2011); *Garratt–Callahan Co. v. Yost,* 242 Or. 401, 402, 409 P.2d 907 (1966) ("Courts do not enjoin conduct already committed.").

I find no basis on this record to extend the terms of the prior agreement between the parties. I would dismiss the appeal as moot.