NOT FOR FULL-TEXT PUBLICATION
File Name: 16a0638n.06

FILED
Dec 01, 2016
DEBORAH S. HUNT, Clerk

No. 16-1323

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| STRYKER SALES CORPORATION, | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| JOHNNY McNANY, et al., | ) | COURT FOR THE WESTERN |
| | ) | DISTRICT OF MICHIGAN |
| Defendants-Appellants. | ) | |
| | ) | |
| | ) | |

### ORDER

**Before: MOORE and CLAY, Circuit Judges; HOOD, District Judge.**[*]

Defendants Johnny McNany and Integra Lifesciences Corporation appeal the district court's Order of February 12, 2016, in which it preliminarily enjoined them from engaging in certain sales activities competitive to Plaintiff Stryker Sales Corporation until September 15, 2016. *See* 28 U.S.C. § 1292(a)(1). While this appeal was pending, Stryker moved the district court to extend the life of the injunction to June 30, 2017. The district court denied this request, thereby allowing the injunction to expire as scheduled.

Because "there generally is nothing for an appellate court to review" once an injunction order expires, the Court directed the parties to file simultaneous letter briefs discussing whether this appeal was moot. *Appalachian Reg'l Healthcare, Inc. v. Coventry Health & Life Ins. Co.*, 714 F.3d 424, 429 (6th Cir. 2013) (explaining that "[a] case is moot 'when the issues presented

---

[*] The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation.

are no longer live or the parties lack a legally cognizable interest in the outcome'" (quoting *Hodges v. Schlinkert Sports Assocs., Inc.*, 89 F.3d 310, 312 (6th Cir. 1996))); *see also McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) ("[O]ur jurisdiction extends only to actual cases and controversies. We have no power to adjudicate disputes which are moot." (quoting *Crane v. Ind. High Sch. Athletic Ass'n*, 975 F.2d 1315, 1218 (7th Cir. 1992))).

Stryker argues that this appeal is moot. Although McNany and Integra agree that their appeal of the district court's preliminary injunction order is now moot, they nevertheless urge the Court to consider the choice of law issue that informed the district court's choice of law analysis, arguing that it is in the interest of judicial efficiency to do so. However, McNany and Integra fail to recognize that, because their interlocutory appeal is moot, this Court now lacks jurisdiction to consider the matter. *See McPherson*, 119 F.3d at 458.

For the foregoing reasons, the above-captioned appeal is **DISMISSED AS MOOT**.

**ENTERED BY ORDER OF THE COURT**

_____
Deborah S. Hunt, Clerk