NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 17a0356n.06

No. 16-4358

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 21, 2017
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| OLAOLUWA FAPARUSI, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR |
| | ) THE NORTHERN DISTRICT OF |
| CASE WESTERN RESERVE UNIVERSITY; | ) OHIO |
| GEORGE O'CONNELL, Administrative | ) |
| Hearing Officer; KIMBERLY SCOTT, Title | ) |
| IX Investigator, | ) |
| | ) |
| Defendants-Appellees. | ) |

BEFORE: KEITH, BATCHELDER, and GRIFFIN, Circuit Judges.

PER CURIAM. Olaoluwa Faparusi brings this interlocutory appeal from the district court's order denying his motion for a temporary restraining order and preliminary injunction. We dismiss Faparusi's appeal as moot.

Faparusi was enrolled as a student at Case Western Reserve University (CWRU) in the department of biomedical engineering during the 2015-2016 academic year. On March 1, 2016, while studying at an on-campus residential facility, Faparusi used the women's restroom. Based on a female student's report that Faparusi was taking photos in the women's restroom, CWRU conducted an investigation. Kimberly Scott, CWRU's Title IX Investigator, interviewed Faparusi and the female students involved in the complaint. George O'Connell, CWRU's Administrative Hearing Officer, held a sexual assault administrative hearing with Faparusi and his father present. In a decision dated March 21, 2016, O'Connell found that Faparusi had

violated CWRU's policies by engaging in sexual exploitation and disorderly conduct and suspended him from CWRU effective immediately until June 2, 2017. Faparusi appealed O'Connell's decision, which was upheld by CWRU's Appeal Board.

Faparusi filed a pro se complaint against CWRU, O'Connell, and Scott, asserting that the defendants violated his due process rights and breached his contract with CWRU. Faparusi moved for a temporary restraining order and preliminary injunction "requiring the Defendants to forthwith reinstate Mr. Faparusi, with appropriate modifications in place, into the Biomedical Engineering program of Case Western Reserve University, in time for the Fall 2016 semester registration." Adopting a magistrate judge's recommendation, the district court denied Faparusi's motion for a temporary restraining order and preliminary injunction. Faparusi timely filed this interlocutory appeal of the district court's order. The district court subsequently granted the defendants' motion to dismiss Faparusi's complaint for failure to state a claim upon which relief can be granted. Faparusi's appeal from the dismissal of his complaint is pending before this court (No. 17-3212).

As the defendants point out, Faparusi's request for preliminary injunctive relief is moot. "Under Article III of the Constitution, our jurisdiction extends only to actual cases and controversies. We have no power to adjudicate disputes which are moot." *McPherson v. Mich. High Sch. Athletic Ass'n*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (quoting *Crane v. Ind. High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)). "Simply stated, a case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Powell v. McCormack*, 395 U.S. 486, 496 (1969).

"An appeal from the denial of a motion for preliminary injunction is mooted when the requested time period for the injunction has passed." *Hodges v. Schlinkert Sports Assocs.*, 89 F.3d 310, 312 (6th Cir. 1996). In his motion for a temporary restraining order and

preliminary injunction, Faparusi sought reinstatement "in time for the Fall 2016 semester registration." The fall 2016 semester has passed; therefore, the requested relief cannot be granted. Furthermore, Faparusi's suspension ended on June 2, 2017, the weekend before the beginning of summer classes. Because the spring semester is now complete, the earliest that Faparusi could reenroll, regardless of this appeal's outcome, would be the beginning of the summer term.

In his reply brief, Faparusi contends that his appeal is not moot because he also requested that the Title IX investigation and reports be removed from his record and that he not be required to pay the tuition for the spring 2016 semester. But Faparusi limited his motion for a temporary restraining order and preliminary injunction to "requiring the Defendants to forthwith reinstate Mr. Farapusi, with appropriate modifications in place, into the Biomedical Engineering program of Case Western Reserve University, in time for the Fall 2016 semester registration." Aside from this request for preliminary injunctive relief, Faparusi's action seeking compensatory and punitive damages and removal of information from his record remains pending on appeal and is not rendered moot by our dismissal of this appeal. *See Bruder v. Smith*, 215 F. App'x 412, 415 (6th Cir. 2007) ("Where a preliminary injunction is separately challenged, the issue of whether a preliminary injunction is moot is a distinct issue from the issue of whether the case as a whole is moot.").

For these reasons, we **DISMISS** Faparusi's appeal as moot.